# JAMES CAREY MARTIEN

## vs.

# DAVID CRYSTAL, Administrator.

*Sale by Administrator—Exceptions—Necessity of Interest.*

One who has no interest in decedent's estate, either as legatee, distributee or creditor, cannot except to a sale by the administrator upon the ground of inadequacy of price, in the absence of any showing of fraud.                    pp. 168, 169

In the case of an exception to a sale by an administrator, averring fraud therein, the administrator's denial under oath of the averment of fraud must, in the absence of any direct evidence in regard thereto, be taken as true.                    p. 170

*Decided November 18th, 1920.*

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before Boyd, C. J., Briscoe, Pattison, Urner, Stockbridge, Adkins, and Offutt, JJ.

*John M. Requardt,* for the appellant.

*M. Albert Levinson,* for the appellee.

Stockbridge, J., delivered the opinion of the court.

After the death of Lydia C. Buemler, letters of administration on her estate were granted to David Crystal.

By the inventory returned, the estate consisted of an undivided one-half interest in a lot of ground on Oliver Street, about forty-five feet square, subject to an annual ground rent of forty-five dollars, which was appraised as of the value of one dollar.

On the 19th of November the Orphans' Court of Baltimore City passed an order authorizing and empowering the said

administrator to make sale of this property, "by private sale for the most money which he could obtain for the same, provided that it be not sold for a sum less than the appraisement thereof," and that the terms of said sale should be cash.

On the same day the administrator reported the property as sold for the sum of seventy-five dollars to Fannie Crystal, and this sale was on the same day ratified *nisi,* and the order of ratification *nisi* duly advertised. Thereafter, and before the sale was to be finally ratified, James Carey Martien filed exceptions to the sale and assigned grounds, as follows:

"1. That the said James Carey Martien is the owner of an undivided one-half interest of the property purported to be sold by the said David Crystal, administrator, but he has not been advised of the sale so made, nor has he been given an opportunity to bid on said property, and he now shows that no one else has been given an opportunity to bid on the same, nor has there been any effort made on the part of said David Crystal to obtain the best possible price for the same.

"2. That said property has been sold to one Fannie Crystal, who is the wife of the said administrator (which fact has been concealed from the court), and that said sale is in effect a sale by the said David Crystal, in his capacity as administrator, to himself as an individual.

"3. That said property has been sold for a grossly inadequate price and is worth more than double the price obtained for the same by the said administrator."

To these exceptions David Crystal, as administrator, filed an answer in which were contained the following averments:

"(1) That the objections filed against the ratification of the sale are not filed by any party in interest in said property, and, therefore, this Honorable Court cannot entertain said objections.

"(2) That this respondent did not sell said property to his wife, but on the contrary this respondent is single and has no wife.

"(3) That the appraised value of the property is one dollar; that this property is unimproved land, subject to a ground rent of forty-five dollars a year, and the value, if any, on said property is very problematic, and that your petitioner sold it for the highest price that he thought he could obtain, and that this price is fair and proper."

And this answer was duly sworn to before a notary.

The matter then came on for hearing before the Orphans' Court for Baltimore City, which upon exceptions and answer dismissed the exceptions on the ground that according to the record the exceptant, James Carey Martien, had no standing in the case, and it is from this order that the present appeal was attempted to be taken.

In support of the exceptions the counsel for the appellant seems to proceed upon three theories: one is that James Carey Martien is acting as *amicus curiae;* another, is an attempt to produce upon the mind of the court the idea that the reported sale was tainted with fraud, and was in reality a sale by the administrator to himself; and the third is, that by reason of being a tenant in common with the estate of Lydia C. Buemler the exceptant has such interest in the matter, as gives him the right to intervene and except to the sale.

It is fundamental law in this State that an individual to be entitled to intervene and except must have an interest in the property. *Miller's Equity,* Sec. 354. And in this view the author of that work is supported by an unbroken line of decisions in this State.

In *Warfield* v. *Ross,* 38 Md. 85, it was said by Bowie, J.: "Although objections may be filed against the sale by any person interested in the property, yet it is apparent, as the sale only passes the title which the mortgagor had in the mortgaged premises at the time of recording the mortgage, no person whose interest would not be affected by the sale would be allowed to intervene," and in *Griffith* v. *Hammond,*

45 Md. 85, JUDGE ROBINSON, speaking for this Court, says, that "exceptions filed by those not parties to the proceedings and who do not appear claiming any interest in the fund arising from the sale * * * have no right to object to the ratification of the sale. Not being parties to the proceedings, their rights and interests, whatever they may be, can in no manner be affected by the decree and sale."

In *Sellman* v. *Sellman,* 63 Md. 520, ALVEY, C. J., said: "It is a fundamental principle of equity pleading that, to entitle a party to sustain a bill, he must show an interest in the subject of the suit, or a right to the thing demanded, and proper title to institute the suit concerning it; and if such interest or right to sue be not fully shown by the bill itself, the defendant may demur. *Mitford Eq. Pl.* 272, 329; *Story Eq. Pl.,* Secs. 728. 730."

In this case Mr. Martien does not claim to be in any manner interested in the property which constituted the estate of Lydia C. Buemler, and therefore, has not shown any such interest as to entitle him to file the present exceptions.

In *Cecil* v. *Cecil,* 19 Md. 72, BOWIE C. J., said: "The courts of this State, in consideration of the peculiar nature of the jurisdiction of orphans' courts and the informality of proceedings therein, have held that 'any person on whose interests any order or decree has a tendency to act injuriously upon may appeal therefrom.' *Parker* v. *Gwynn,* 4 Md. 428. Yet they must show they have an interest in the subject matter of the decree or the decision appealed from."

The same rule is followed and adopted in a case where the subject matters in dispute were the commissions of an administrator, in *Hoffar* v. *Stonestreet,* 6 Md. 303, and the rule has been likewise laid down and reiterated in *Reilly* v. *Dougherty,* 60 Md. 276; *McDonald* v. *Bldg. Association,* 60 Md. 589; *Glenn* v. *Reid,* 74 Md. 238; *Lurman* v. *Hubner,* 75 Md. 268.

In *Preston* v. *Poe,* 116 Md. 1, JUDGE URNER said: "While the provision of the Code, Art. V, Sec. 26, does not restrict

the right of appeal to those who are technical parties, yet it is well settled that an appellant must be able to show that he has a direct interest in the subject matter of the litigation." And following this statement the judge who wrote the opinion collected a large number of the authorities upon the subject. The case of *Wagner* v. *Freeny,* 123 Md. 24, arose out of the attempt of a creditor to intervene in a case where one party has filed a bill for the dissolution of the partnership, but the rule already announced was followed and reaffirmed, there being no allegation in the case that the partnership was insolvent, unable to pay the creditors of it in full.

In this case Mr. Martien has shown no interest whatever in the estate of Lydia C. Buemler either as legatee, distributee or creditor, and the only theory upon which he could claim a right would be that of fraud, by reason of the purchase of the property by Fannie Crystal, whom the petition alleges to be the wife of David Crystal, but this allegation of the petition was denied under oath in the answer of David Crystal, and that denial must, in the absence of any direct evidence, be taken to be true.

It follows from what has been said that the appeal in this case must be dismissed.

*Appeal dismissed, with costs.*