# In re BUCKLER TRUSTS.

*Appealable Order or Decree—Appointment of Trustees—Appellant Without Direct Interest.*

The right of appeal from courts of equity is a statutory right and does not exist unless expressly given.　　　　　p. 427

Neither a decree appointing substituted trustees under a deed of trust, nor an order striking from the files a paper filed in opposition to such appointment, were final as regards the party filing such paper, so as to authorize an appeal by it, such party having no interest except as holding a contract for a lease of the trust property. .　　　　　p. 427

A decree or order, to form the basis of an appeal, must be so far final as to determine and conclude the rights involved in the action, or to deny to the party seeking redress by the appeal the means of further prosecuting or defending his rights and interests in the subject matter of the proceeding.　　　　　p. 427

One merely holding a contract for a lease of trust property has no such interest in the corpus of the trust estate, or in its management, as to entitle him to intervene in proceedings involving the appointment of new trustees, or to appeal from the decree of appointment.　　　　　p. 427

An appellant must be able to show that he has a direct interest in the subject matter of the litigation.　　　　　p. 428

*Decided January 16th, 1924.*

Appeal from the Circuit Court No. 2 of Baltimore City (DUKE BOND, J.).

Petition by William H. Buckler and Georgina Grenfell W. Buckler, for the appointment of trustees under a certain deed of trust. From an order directing the clerk of the court to strike from the files a certain paper filed by Loft, Inc., and from a decree appointing trustees as asked by the petition, said Loft, Inc., appeals. Appeal dismissed.

The cause was argued before BOYD, C. J., THOMAS, PATTI-SON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*John A. Farley* and *Herbert Levy,* with whom were *Coady & Farley* on the brief, for Lofft, Inc., appellant.

*David K. E. Bruce,* with whom were *Semmes, Bowen & Semmes* on the brief, for William H. Buckler and Georgina Grenfell W. Buckler, appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

On March 23rd, 1923, William H. Buckler and his wife filed their petition in the Circuit Court No. 2 of Baltimore City, wherein they prayed that court to assume jurisdiction of the trusts created by a deed of trust, dated April 20, 1892, from Eliza R. Buckler and Thomas H. Buckler, her husband, to J. LeRoy White and J. Southgate Yeaton, trustees. The petition further recited the death of said trustees, and their failure to nominate successor trustees as provided in such instrument. The petition, accordingly, prayed for the appointment by the court of trustees for the purposes set forth in the said deed of trust.

Upon this petition the lower court passed an order *nisi* granting the relief prayed, unless cause to the contrary should be shown on or before April 14th, 1923, provided notice by publication be given as provided in said order. This notice was duly given.

On April 12th, Loft, Inc., filed a paper, called an answer to the original petition, wherein it sets up:

(1) That it has entered into an agreement with William H. Buckler and his wife (beneficiaries under said deed of trust) and with William H. Buckler as attorney for J. LeRoy White and J. Southgate Yeaton, trustees (the trustees named in said deed of trust) under power of attorney, dated October 12th, 1896, and with John E. Semmes, attorney in fact for William H. Buckler, as attorney for the trustees under said

power of attorney, for the lease of the premises 225, 227 and 229 W. Lexington St., Baltimore, which properties were purchased by the trustees with the trust funds created by said deed of trust.

(2) That these proceedings were instituted for the purpose of having trustees appointed in the place of White and Yeaton, both deceased, pursuant to the terms of the aforesaid agreement to lease, whereby it was provided that the title must be made good and marketable within a reasonable time.

(3) That these proceedings are defective and if consummated and the trustees suggested are appointed by virtue thereof, its title as lessee of said properties would not be good and marketable.

(4) That for the various reasons set forth substituted trustees cannot be appointed herein in an *ex parte* proceeding.

(5) On information and belief that an agreement has been made to lease said properties, in derogation of the respondent's rights and in violation of the terms of the aforementioned agreement of lease, to some person unknown to respondent, and that these proceedings are being used in furtherance of an effort to deprive the respondent of its rights and privileges under said agreement of lease and for the purpose of vesting said rights and privileges in some third party.

On April 23rd the petitioners filed a motion that the paper filed by Loft, Inc., be stricken from the record. On April 25th Loft, Inc., filed a motion of *ne recipiatur* as to the above motion of the petitioners.

After hearing, the court, on May 17th, passed an order directing the clerk of the court to strike from the files of the court the paper filed by Loft, Inc., on April 12th. On the same day the petitioners filed a petition reciting the publication of notice under the order upon the original petition and also reciting that no cause had been shown contrary to the relief prayed for. On this petition and upon hearing on the original petition, the court also, on May 17th, entered a

decree appointing John E. Semmes, Jr., and John Ridgely, Jr., substituted trustees. From the order and decree of May 17th Loft, Inc., has taken this appeal.

A motion to dismiss the appeal has been filed by the appellees and we have concluded that it must be granted. It will not, therefore, be necessary to consider the other matters sought to be presented.

This motion is based upon two grounds: (1) that the decree and order appealed from are not final or in the nature of a final decree; and (2) because the appeal has not been taken by one having an interest in the subject matter, or the standing to take such appeal, or by any one named as or made a party to the cause.

The right of appeal from courts of equity is a statutory right and does not exist unless expressly given. *Hendrickson* v. *Standard Oil Company,* 126 Md. 577; *Peoples* v. *Ault,* 117 Md. 631. This statutory right of appeal is provided for in sections 26 and 27 (the latter as amended by chapter 274 of the Acts of 1920), of article 5 of the Code. It must be at once apparent that, so far as Loft, Inc., is concerned, neither the decree nor the order appealed from is a final or in the nature of a final decree. Such a decree or order, to form the basis for an appeal, must be so far final as to determine and conclude the rights involved in the action, or to deny to the party seeking redress by the appeal the means of further prosecuting or defending his rights and interests in the subject matter of the proceeding. *Waverly &c. Assn.* v. *Buck,* 64 Md. 338.

It is to be noted that this proceeding is concerned solely with the administration of a trust estate created by a deed of trust, and, incidentally, with the appointment of trustees to manage the affairs of such trust. Whatever the rights or interest of Loft, Inc., under the agreement of lease referred to in its paper filed on April 12th may be, as to which we express no opinion whatever, it certainly has no interest either in the corpus of the trust estate as such, nor in its management.

It necessarily follows that the appellant had no right to intervene and be made a party to the proceeding. *Miller's Equity*, sec. 354; *Warfield* v. *Ross*, 38 Md. 85; *Martien* v. *Crystal*, 137 Md. 166. And while the right of appeal is not restricted by section 26 of article 5 of the Code to those who are technical parties, yet it is well settled that an appellant must be able to show that he has a direct interest in the subject matter of the litigation. *Preston* v. *Poe*, 116 Md. 1; *Wagner* v. *Freeny*, 123 Md. 24; *Martien* v. *Crystal, supra.*

There is nothing in the order or decree appealed from to prevent or preclude Loft, Inc., in a proper proceeding, from enforcing or defending such rights and interests as it may have, but such rights and interests are entirely foreign to the subject matter of this proceeding. It follows, therefore, that the motion to dismiss the appeal must be granted.

*Appeal dismissed, with costs.*