OSCAR BOCCUTI *v.* MATILDA SPITZNAGLE ET AL., ADMINISTRATORS C. T. A., ET AL.

[No. 4, January Term, 1934.]

*Decided February 28th, 1934.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Arthur R. Padgett,* for the appellant.

*William Deal Roycroft,* for the administrators, appellees.

Bond, C. J., delivered the opinion of the Court.

A purchaser of leasehold property sold by administrators at a private sale appeals from an order of the orphans' court setting the sale aside upon exceptions filed by a competing

bidder. The private sale was duly authorized, the price accepted was above the appraised value, and there is no question of the diligence of the administrators in seeking possible purchasers, unless the exceptant may be said to have raised one. His contention is that the administrators had promised him an opportunity to meet any higher offer than one he had already made, but failed to give him that opportunity before sale to the appellant. This raises two questions: Upon exceptions duly filed, should the sale have been set aside under the circumstances? Was the exceptant entitled to file his exceptions in view of the fact that he was not interested as a creditor or distributee of the estate?

The property consists of several lots of ground, and Boccuti was a tenant of one of them. After repeated efforts to find purchasers, with reductions of the appraisals made from time to time to conform to the market, the administrators reported a sale to Boccuti for $9,400, a sum in excess of the last appraisal, as already stated. Thereupon, Hyman Sarubin filed a petition and excepted, stating that he had made an earlier offer of $9,309, and had been advised—presumably by the administrators, although this is not stated—that if a higher bid should be made he would be afforded an opportunity of increasing his bid; that when on the day of sale he inquired of Mr. Roycroft, one of the administrators, he was told of the higher offer and was given fifteen minutes to make a still higher one; but that when his counsel, within the fifteen minutes, presented himself to Mr. Roycroft, ready to make a bid of $10,000, the agreement with Boccuti had been closed. Boccuti, it is alleged, had been told of Sarubin's first offer, and had been induced to exceed it, contrary to a promise by the administrators. The administrators emphatically deny that they had made any promises to the exceptant as alleged, and aver that they had sought, and always held themselves ready to accept, the best price that was obtainable, and that the price they accepted from Boccuti was, so far as then appeared, the best obtainable. Delay was dangerous, as there was a threat of foreclosure of a mortgage on the property, and the price was accepted.

The controversy was submitted to the orphans' court on the petition and a sworn answer to it by the administrators, and the court, on the case so presented to it, and an announcement of a possibility of obtaining $10,000 for the property on a public sale, proposed that the public sale should be held, and new bids received; but Boccuti declined the proposal and insisted upon a right to the property as purchaser at a valid sale. The court then set the sale aside, and ordered the public sale; and the appeal is from that order.

There was no actual conflict in the case as presented to the court. It has been settled that submission of a question to the orphans' court on petition and answer under oath is an admission for the purposes of the case of the allegations of fact in the answer which are not in conflict with the accompanying exhibits, if there are any, or with other instruments admitted by the answer. *Fulford v. Fulford,* 153 Md. 81, 92, 137 A. 487. The petitioner comes before the court granting the allegations of the answer and asserts that nevertheless, and on the facts there alleged, he is entitled to the relief he seeks. This being the case, the allegations of failure to give the petitioner an opportunity to outbid the actual purchaser would not be before the court, and are not before this court. The granted fact was and is that there was no undertaking to do so, and there would be, on the allegations of the answer, no ground for a finding that the administrators failed to avail themselves of the best price that was offered at the time of closing the sale. The possibility now announced of obtaining $600 more for the property is not sufficient to justify setting aside the sale, if properly made. Notwithstanding that possibility, the appellant must be held entitled to his purchase, even if the exceptant should be entitled to object to it. *Blank v. Frey,* 165 Md. 647, 170 A. 156.

But the exceptant is not entitled to object to it. The question of his right to be heard appears to be settled by the decision in the case of *Martien v. Crystal,* 137 Md. 166, 111 A. 820. And see *In re Buckler Trusts,* 144 Md. 424, 125 A. 177, and *Loft, Inc., v. Seymer,* 148 Md. 638, 129 A. 911. It

is not a question of the power of a court of chancery to avail itself of information that may come to it from any source. *Lawson v. State,* 2 Bland, 639, note; *Miller, Equity Procedure,* 602. There is no information here to be considered as requiring investigation and rejection of the sale made, such as was found by the chancellor in *Lawson v. State.*

A paper produced in this court on behalf of the appellee, as a part of the record previously omitted, reproduces oral discussion before the orphans' court in which it was stated that distributees of the proceeds of a sale also objected to ratification of the sale made to Boccuti. No additional reasons for objection appear to have been announced, and there would be nothing in the added objection to affect the question on appeal if it should be considered. The appellant contends that it cannot be considered. *Silverberg v. Silverberg,* 148 Md. 682, 694, 130 A. 325.

*Order reversed, with costs.*