550 A.2d 743

Ray COLLINS, Jr.

v.

STATE of Maryland.

No. 573, Sept. Term, 1988.

Court of Special Appeals of Maryland.

Dec. 6, 1988.

Certiorari Granted March 6, 1989.

Julia Doyle Bernhardt, Asst. Public Defender, Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Jillyn K. Schulze, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and William R. Hymes, State's Atty. for Howard County, Ellicott City, on the brief), for appellee.

Argued before KARWACKI, WENNER and POLLITT, JJ.

WENNER, Judge.

Appellant, Ray Collins, Jr., was convicted by a jury in the Circuit Court for Howard County of assault and battery. He was sentenced to ten years imprisonment with all but four years suspended in favor of five years supervised probation. On March 1, 1988, appellant's probation was revoked and the previously suspended sentence was reimposed with credit for time served. Thereafter, appellant sought to have his sentence reviewed pursuant to Md.Ann. Code Art. 27, §§ 645JA–645JG. The Administrative Judge for the Fifth Circuit denied the application on the grounds that it was untimely. Upon appeal, appellant asserts that the Administrative Judge erred in concluding that his application for sentence review was untimely.

As a threshold matter, the State contends we must dismiss the appeal for lack of jurisdiction because no direct appeal lies from a denial of an application for sentence review. Alternatively, the State contends that the circuit court was correct in ruling that appellant's application for sentence review was untimely. We shall affirm.

## I.

█ As support for its assertion that appellant is not entitled to appeal from the circuit court's denial of his application for sentence review, the State argues that an order denying an application for sentence review is "an action which in effect affirms his existing sentence," and for support points to *Glass v. State*, 24 Md.App. 76, 329 A.2d 109 (1974). We see it somewhat differently.

In *Glass, supra,* we addressed the question of whether a party can appeal from the order of a sentence review panel. In that case, the appellant had been convicted of assault and an attempted sexual offense. After receiving concurrent sentences of two and five years, Glass applied for review of his sentences pursuant to Art. 27, § 645JA–645JG and Md.Rule 4–344(a). A three judge panel confirmed the sentences. In declining to review the decision of that panel, we said:

> The appellate jurisdiction of the Court of Special Appeals of Maryland is bestowed by legislative enactment. The statutes provide no right of appeal to that Court by a person from an order of a sentence review panel nor is an appeal from such an order designated to be within its appellate jurisdiction. Under Courts Art. § 12–301 "... a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law." A sentence review panel is not a court. " 'Circuit court' means the circuit court for a county ..." and the courts of the Supreme Bench of Baltimore City. Courts Art. § 12–101(d). The right of appeal from the order of a sentence review panel is clearly not within the contemplation of Courts Art. § 12–301. Courts Art. § 12–308 specifically designates those actions, cases, causes, suits or proceedings with respect to which the Court of Special Appeals of Maryland has exclusive initial

appellate jurisdiction. Proceedings before a sentence review panel is not among them.

Several years later, in *Rendelman v. State,* 73 Md.App. 329, 533 A.2d 1339 (1987), *cert. granted,* 312 Md. 196, 539 A.2d 230 (1988), we modified that conclusion. Rendelman had been sentenced to ten years imprisonment with all but eighteen months suspended in favor of three years probation. He sought review of his sentence pursuant to Art. 27, §§ 645JA–645JG and Md.Rule 4–344(a). Based upon certain opprobrious conduct of Rendelman since his initial sentence, the review panel struck the suspended portion of that sentence, thereby increasing his potential period of incarceration by more than eight years. From that order, Rendelman appealed.

We held that some of the "legal underpinning" of *Glass* and its progeny was not entirely accurate. We said:

[W]here, as here, the review panel effectively increases the sentence imposed (or directed to be executed) by the trial judge, the notion that the panel does not constitute a "court" or that its order does not constitute a "judgment" simply does not comport with either logic or reality. It is, and must be, a court. Only a court can sentence a convicted criminal to jail.

73 Md.App. at 336, 533 A.2d 1339. We concluded that, where a sentence review panel increases the original sentence, its order is appealable.

The problem with the State's reliance on *Glass,* of course, aside from our decision in *Rendelman,* is that the case *sub judice* is not an appeal from an order of a sentence review panel. As we said earlier, the case *sub judice* is an appeal from an order of the circuit administrative judge which denied appellant's application for sentence review as untimely. Inasmuch as that order is most assuredly not, as the State suggests, tantamount to an affirmation of appellant's sentence, we conclude that neither *Glass* nor *Rendelman* is controlling.

■ It is, of course, beyond question that the appellate jurisdiction of both this court and the Court of Appeals is prescribed by statute. *Lohss and Sprenkle v. State*, 272 Md. 113, 116, 321 A.2d 534 (1974). Any appeal must, therefore, find "its source in an act of the legislature." *State v. Bailey*, 289 Md. 143, 147, 422 A.2d 1021 (1980). The parties cannot confer jurisdiction by consent, nor can a court assume jurisdiction in the interest of justice. *Lewis v. Lewis*, 290 Md. 175, 179, 428 A.2d 454 (1981); *Altman v. Safeway Stores*, 52 Md.App. 564, 566, 451 A.2d 156 (1982), *aff'd*, 296 Md. 486, 463 A.2d 829 (1983).

Maryland Code, § 12–301, *Courts and Judicial Proceedings* Article, provides that, with limited exceptions, a party may only "appeal from a *final judgment* entered in a civil or criminal case by a circuit court." (Emphasis added.) That section does not attempt to specify what is an appealable final judgment; that determination is left to the courts. *Wright v. Nugent*, 23 Md.App. 337, 356, 328 A.2d 362 (1974), *aff'd*, 275 Md. 290, 338 A.2d 898 (1975). In *In re Buckler Trusts*, 144 Md. 424, 125 A. 177 (1924), the Court of Appeals said that to constitute an appealable final judgment:

> [The judgment] must be so far final as to determine and conclude the rights involved in the action or to deny [the appellant] the means of further prosecuting his rights and interests in the subject matter of the proceeding.

144 Md. at 427, 125 A. 177. *See also Warren v. State*, 281 Md. 179, 183, 377 A.2d 1169 (1977) ("[T]o be final a judgment must actually settle the rights of the parties ... or it must finally settle some disputed right or interest of the parties.")

Applying that definition to the facts before us produces a clear result: the denial of an application for sentence review is appealable. When an application for sentence review is denied, a defendant has no further means of "prosecuting his rights." *See In re Buckler Trusts, supra.* The denial in the case at hand finally settled appellant's sentence. His only recourse is by way of appeal.

## II.

 Turning now to the merits, we shall conclude that the Administrative Judge was correct in ruling that appellant's application for sentence review was not timely.

Maryland Rule 4–344(a) requires that an application for review of sentence pursuant to Art. 27, § 645JA be filed "within 30 days *after the imposition of sentence.*" (Emphasis supplied.) Although no Maryland case has defined the phrase "after the imposition of sentence" in the context of the present facts, we think the "sentence" referred to in Rule 4–344(a) is the original sentence imposed. That interpretation is consistent with § 645JA which permits a defendant to file an application for review when his sentence, *"with or without suspension,"* exceeds two years. (Emphasis supplied.)

In the case *sub judice*, on February 17, 1987, appellant was sentenced to ten years imprisonment for his conviction of assault and battery. Although most of that sentence was suspended in favor of probation, the deadline for filing an application for sentence review pursuant to § 645JA was thirty days from February 17, 1987, or no later than March 19, 1987. Appellant, however, did not file his application until March 4, 1988, almost a year later. Accordingly, we hold that by failing to apply for sentence review within thirty days of the imposition of the original sentence, appellant has waived his right to that review. *Cf. Coley v. State,* 74 Md.App. 151, 536 A.2d 1166 (1988).

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.