581 A.2d 426

Ray COLLINS, Jr.

v.

STATE of Maryland.

No. 4, Sept. Term, 1989.

Court of Appeals of Maryland.

Nov. 5, 1990.

Sherrie B. Glasser, Asst. Public Defender (Alan H. Murrell, Public Defender, Julia Doyle Bernhardt, Asst. Public Defender, all on brief), Baltimore, for petitioner.

Jillyn K. Schulze, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS * and BLACKWELL *, JJ.

COLE, Judge.

We are asked here to decide whether an application for review of a sentence by a three judge panel filed within 30 days of reimposition of a previously suspended sentence is timely.

The petitioner, Ray Collins, Jr., was charged in the Circuit Court for Howard County in a five-count indictment, Criminal No. 15137, with assault with intent to rape, kidnapping, third-degree sexual offense, assault, and battery. The jury returned not guilty verdicts on the first three charges and guilty verdicts for the assault and battery charges. At the sentencing hearing on February 17, 1987, the circuit court

---

* Blackwell and Adkins, JJ., now retired, participated in the hearing and conference of this case while active members of this Court; but did not participate in the decision and adoption of this opinion.

(Nissel, J.) sentenced petitioner to 10 years, suspending all but 4 years with 5 years probation upon his release from prison.[1]

Collins appealed his assault and battery convictions and posted an appeal bond in the amount of $20,000.[2] While out on bail, the petitioner was charged and convicted in the Circuit Court for Baltimore City (Heller, J.) with possession of marijuana and PCP. He received a one year suspended sentence, and was placed on probation and ordered to pay court costs of $100.00. Upon learning of this subsequent conviction, the assistant state's attorney for Howard County petitioned the court to revoke Collins' appeal bond. The court granted the petition on October 27, 1987, and committed Collins to jail.

Thereafter, on March 1, 1988, in the Circuit Court for Howard County (Nissel, J.), a violation of probation hearing was held. At the conclusion of the hearing, the trial court found Collins in violation of his probation and apparently struck the order of suspension and reimposed the full sentence of ten years.[3] On March 4, 1988, Collins filed an application for review of sentence. The application was denied on March 8, based on the circuit administrative

---

1. In addition to sentencing Collins on this charge, the circuit court also accepted his guilty plea on an unrelated charge of carrying a concealed dangerous weapon and imposed a 60 day sentence which was to run concurrently with Collins' sentence for assault and battery in the instant case. At the time the above offenses were committed, Collins was on probation in another case for which he had received an 18-month sentence, nine months of which were suspended. He pled guilty to violation of this probation and was continued on three years probation to begin upon his release from prison in the instant case.

2. On appeal, the Court of Special Appeals affirmed Collins' convictions in an unreported opinion.

3. Although the period of probation specified for Collins had not begun, the court was authorized to revoke his probation and reimpose the suspended portion of the sentence upon finding that Collins had committed a crime after the original imposition of sentence. *Matthews v. State*, 304 Md. 281, 292, 498 A.2d 655 (1985).

judge's finding that the application was untimely, in that it was not filed within 30 days of the original imposition of sentence. Petitioner appealed and the Court of Special Appeals affirmed. *Collins v. State,* 77 Md.App. 456, 550 A.2d 743 (1988). We granted the petition for certiorari and shall reverse.

Petitioner argues that the circuit administrative judge interpreted the phrase "imposition of sentence" too narrowly. Relying on general principles of statutory construction, he contends that the statute provides two opportunities for review of sentence: either following imposition of the original sentence or following imposition of a suspended sentence. Hence, Collins concludes, the lower court's interpretation rendered sections of Rule 4-344(a), as well as portions of the Sentence Review Act, meaningless and, thus, was incorrect.

The State counters by first asserting that this Court does not have jurisdiction and, therefore, the appeal should be dismissed. It premises this argument on the fact that the Sentence Review Act, Md.Code (1957, 1987 Repl.Vol.) Art. 27, §§ 645JA to 645JG, makes no provision for appellate review. Moreover, Md.Code (1974, 1989 Repl.Vol.) § 12-301 of the Courts and Judicial Proceedings Article, only permits an appeal from a final judgment of a circuit court, not a "review panel." And, notwithstanding the fact that Collins' application was considered by the circuit administrative judge and not the panel, the State contends there is no statutory right to review his order denying the application for review. Alternatively, the State contends that because the original sentence constitutes the only "true punishment," it was the only sentence which could have been reviewed. The State also argues that the legislative intent to provide review of only the originally imposed sentence is reflected in the language of the statute.

At the outset, we agree with the Court of Special Appeals' holding that the circuit administrative judge's order denying the application was a final order and, therefore,

appealable. As we stated recently in *Wilde v. Swanson*, 314 Md. 80, 84, 548 A.2d 837 (1988), a judgment is final when it settles and concludes the rights of a party involved in the action, or denies a party the means of further prosecuting the suit. Accordingly, the State's motion to dismiss this appeal is denied.

■ The issue presented in this case is whether Collins' application was timely. To resolve this issue we must first determine whether the phrase "imposition of sentence," includes imposition of both the original sentence and reimposition of a previously suspended sentence. Of course, our determination must be consistent with the legislative purpose of the statute. In pursuit of that purpose, we find it unnecessary to look beyond the language of the statute, which is clear. *See Kaczorowski v. City of Baltimore*, 309 Md. 505, 515, 525 A.2d 628 (1987). Subsection (a) of Md. Rule 4-344 provides:

> Any application for review of a sentence under the Review of Criminal Sentences Act, Code, Article 27, §§ 645JA-645JG, shall be filed in the sentencing court within 30 days after the imposition of sentence or at a later time permitted by the Act. The clerk shall promptly notify the defendant's counsel, if any, the State's Attorney, and the Circuit Administrative Judge of the filing of the application.

In turn, the provisions of the Act pertinent to this case read as follows:

> § 645JA—**Right to Review of Sentence.**
>
> (a) Unless no different sentence could have been imposed or unless the sentence was imposed by more than one trial judge, every person convicted of a crime by any trial court of this State and sentenced to serve, with or without suspension, a total of more than two years imprisonment in any penal or correctional institution in this State shall be entitled to have the sentence reviewed by a panel of three or more trial judges of the judicial circuit in which the sentencing court is located. However, a

person has no right to have any sentence reviewed more than once pursuant to this section.

\* \* \* \* \* \*

§ 645JB. **"Sentence of more than two (2) years" defined.**

For purposes of this subtitle, a sentence shall be deemed to be a sentence of more than two (2) years, if by its imposition by any trial court of this State, or if by the requirement of any trial court of this State that all or any part of a suspended sentence be served, the period of the sentence, when added to the unserved time of any prior or simultaneous sentence, whether or not suspended, imposed by any court or other authority of this State or of any other jurisdiction, exceeds two (2) years.

\* \* \* \* \* \*

§ 645JF. **Definitions.**

For purposes of this subtitle ... (3) the term "sentencing judge" means the judge who imposed the sentence or who required that any sentence, previously suspended, in whole or in part, be served; (4) the term "sentencing court" means the court in which the sentencing judge imposed the sentence or required that any sentence, previously suspended, in whole or in part, be served....

The State maintains that the language of § 645JB substantiates its contention that "reimposition of a previously suspended sentence is not an 'imposition of sentence' for which there is a renewed right of review." The Court of Special Appeals reached a similar conclusion. Relying solely upon the language in § 645JA, that court held that Collins waived his right of review by failing to file his application within 30 days of the imposition of the original February 17 sentence. *See Collins*, 77 Md.App. at 461, 550 A.2d 743. We disagree.

Although § 645JA expressly states that a sentence may only be reviewed one time under the Sentence Review Act, § 645JB indicates that that right to apply for review may be exercised at one of two different times. Section 645JB

expressly requires a review of any sentence exceeding two years, if an application is filed within 30 days of (1) imposition of sentence "by any trial court" or, (2) "the requirement of any trial court" that "all or any part of a suspended sentence be served." Section 645JB reiterates the one review limitation set forth in § 645JA:

> *If there has been a review pursuant to this subtitle of a sentence which was originally suspended* in whole or in part and any suspended part of such sentence is later required to be served, *there shall not be any right of review of the order requiring such suspended part of the sentence to be served.*

(emphasis added).

Moreover, the definitions in § 645JF of "sentencing judge" and "sentencing court," further convince us that the legislature intended to allow sentence review either following the imposition of the original sentence or following the reimposition of a previously suspended sentence.

Rule 4–344 implements the provisions of the Act, and also establishes the 30–day time requirement for applying for sentence review. We observe that our interpretation of "imposition of sentence" as applied in this Rule harmonizes with our interpretation of that phrase as used in Rule 4–345, Sentencing–Revisory Power of Court. Subsection (b) of that Rule provides in pertinent part:

> The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition....

In *McDonald v. State*, 314 Md. 271, 285, 550 A.2d 696 (1988), we held that a trial court may modify any sentence within 90 days of the imposition of the original sentence or the reimposition of the previously suspended sentence. In *McDonald*, we also cited with approval the Court of Special Appeals' holding in *Coley v. State*, 74 Md.App. 151, 536 A.2d 1166 (1988). There, relying on its rationale in *Brown v. State*, 62 Md.App. 74, 77, 488 A.2d 502, *cert. denied*, 303 Md. 42, 491 A.2d 1197 (1985), that court said

when a probation is revoked, the hearing court is returned "to the same position it occupied at the original sentencing of the defendant with one exception; the court may not impose a sentence greater than that which was originally imposed and suspended." It follows that if an order revoking a defendant's probation returns the hearing judge to the original sentencing status, then any sentence so imposed must have the effect of an original sentence.

*Coley,* 74 Md.App. at 156, 536 A.2d at 1169.

It is undisputed in the instant case that Collins had not previously sought review of the sentence imposed in February 1987. Thus, he was not barred from review of sentence under the statute. We believe that opportunity arose when the sentencing judge reimposed the previously suspended 10 year sentence. Three days thereafter, and well within the time prescribed by Rule 4–344, Collins filed his application for review of sentence. Consequently, Collins' application was timely filed and should have been submitted to a panel for review.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTION TO VACATE THE ORDER OF CIRCUIT ADMINISTRATIVE JUDGE AND TO REMAND THE CASE TO THE CIRCUIT COURT FOR HOWARD COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. HOWARD COUNTY TO PAY THE COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS.