605 A.2d 130

Ray COLLINS, Jr.

v.

STATE of Maryland.

No. 100, Sept. Term, 1991.

Court of Appeals of Maryland.

April 28, 1992.

Sherrie B. Glasser, Asst. Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for appellant.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

KARWACKI, Judge.

On October 15, 1962, acting upon a recommendation of the Maryland State Bar Association, then Governor J. Millard Tawes appointed a commission to study sentencing in criminal cases in this State. In its report presented to the Governor on December 17, 1965, that Commission concluded that in many instances the sentences imposed by circuit judges throughout the State for the same crimes committed under the same circumstances by persons with similar backgrounds were alarmingly disparate. Report of the Governor's Commission to Study Sentencing in Criminal Cases 16–17 (1965). The Commission criticized that injustice, recognized the problems that it created, and emphasized the need for reasonable uniformity in sentencing practices. *Id.* Accordingly, the Commission recommended the adoption of a system, patterned upon statutes then in effect in Massachusetts and Connecticut which would provide for the review of criminal sentences by a panel of trial judges who were the peers of the sentencing judge. *Id.* at 19. The proposed statute drafted by the Commission and submitted as part of its report was adopted by the General Assembly

without substantial modification as ch. 288 of the Acts of 1966. That statute with subsequent amendments is now codified as Maryland Code (1957, 1992 Repl.Vol.), Art. 27, §§ 645JA through 645JG [1] and is generally referred to as the Sentence Review Act (the Act).

Section 645JA(a) of the Act provides in pertinent part that:

"every person ... sentenced to serve, with or without suspension, a total of more than two years imprisonment ... shall be entitled to have the sentence reviewed by a panel of three or more trial judges of the judicial circuit in which the sentencing court is located. However, a person has no right to have any sentence reviewed more than once pursuant to this section. Notwithstanding any rule of the Court of Appeals to the contrary, the judge who sentenced the convicted person shall not be one of the members of the panel, but if he so desires he may sit with the panel in an advisory capacity only."

A sentence of death is reviewed by this Court and is not subject to the review provided for by the Act. § 645JA(b). Also, the review is not applicable to mandatory sentences or to sentences "imposed by more than one trial judge." § 645JA(a).

Section 645JB defines a "sentence of more than two (2) years" as follows:

"a sentence shall be deemed to be a sentence of more than two (2) years, if by its imposition by any trial court of this State, or if by the requirement of any trial court of this State that all or any part of a suspended sentence be served, the period of the sentence, when added to the unserved time of any prior or simultaneous sentence, whether or not suspended, imposed by any court or other authority of this State or of any other jurisdiction, ex-

---

**1.** The sections of the Md.Code edition that were in effect at the times material to the case *sub judice* have not been amended and, consequently, all citations herein will be to the current edition of the Md.Code.

ceeds two (2) years. If there has been a review pursuant to this subtitle of a sentence which was originally suspended in whole or in part and any suspended part of such sentence is later required to be served, there shall not be any right of review of the order requiring such suspended part of the sentence to be served."

According to § 645JC:

"[the sentence review] panel shall consider each application for review and shall have the power, with or without holding a hearing, to order a different sentence to be imposed or served, including, by way of illustration and not by way of limitation, an increased or decreased sentence, or a suspended sentence to be served in whole or in part, or a sentence to be suspended with or without probation, upon such terms and conditions as the panel may deem just and which could lawfully have been imposed by the sentencing court at the time of the imposition of the sentence under review, or the panel may decide that the sentence under review should stand unchanged; except that the panel, without holding a hearing, shall not increase any sentence, or order any suspended sentence or any suspended part of a sentence to be served; ..."

The terms used in the Act are defined in § 645JF:

"(1) the term 'trial judge' means a judge of the circuit court of the county or of the judicial circuit of this State, in which the sentencing court is located, whether the judge was elected or appointed; (2) the term 'trial court' means the circuit court for any county; (3) the term 'sentencing judge' means the judge who imposed the sentence or who required that any sentence, previously suspended, in whole or in part, be served; (4) the term 'sentencing court' means the court in which the sentencing judge imposed the sentence or required that any sentence, previously suspended, in whole or in part, be served; and (5) the term 'panel' means the three (3) or more trial judges who conduct the review proceeding in

connection with an application for sentence review under this subtitle."

Section 645JG directs that under this subtitle "[a]ppropriate rules of procedure shall be promulgated by the Court of Appeals to implement the provisions of this subtitle." Responding to the legislative direction of § 645JG, we promulgated what is now Maryland Rule 4–344, which provides, in pertinent part:

"(a) **Application—When Filed.—**Any application for review of a sentence under the Review of Criminal Sentences Act, Code, Article 27, §§ 645JA–645JG, shall be filed in the sentencing court within 30 days after the imposition of sentence or at a later time permitted by the Act. The clerk shall promptly notify the defendant's counsel, if any, the State's Attorney, and the Circuit Administrative Judge of the filing of the application.

.    .    .    .    .

"(d) **Review Panel—Appointment of.—**Upon notification by the clerk of the filing of an application, the Circuit Administrative Judge shall promptly appoint a Review Panel of three judges, not including the sentencing judge, and shall designate one as chairman, to review the sentence. The sentencing judge may sit with the Review Panel in an advisory capacity if requested by a majority of the Review Panel. A Review Panel may be appointed to serve for a fixed term or may be appointed to review only cases specifically assigned to it by the Circuit Administrative Judge.

.    .    .    .    .

"(f) **Review Panel—Decision.—**Whether or not an appeal has been taken, the Review Panel shall file a written decision with the clerk within 30 days after the application is filed. If the sentence is to be increased, the defendant shall be brought before the panel and resentenced pursuant to Rule 4–342. If the sentence is reduced or not changed, the defendant need not be brought before the Review Panel. In either case, the Review

Panel shall state the reasons for its decision and shall furnish a copy of the decision to the defendant, defendant's counsel, and the State's Attorney."

Appeals from a decision of the three judge review panel in exercise of that panel's authority to review a criminal sentence are limited by Md.Code (1974, 1989 Repl.Vol.) § 12–302(f) of the Courts and Judicial Proceedings Article, which states:

"Section 12–301 of this subtitle [concerning the right of appeal from final judgments of a circuit court—generally] does not permit an appeal from the order of a sentence review panel of a circuit court under Article 27, §§ 645JA through 645JG of the Code, unless the panel increases the sentence."

## I.

Ray Collins, Jr., the appellant, claims that he was denied the right to have his sentence in a criminal case reviewed under the Sentence Review Act as implemented by Md.Rule 4–344. The facts upon which his appeal is based are not in dispute.

Collins was convicted in the Circuit Court for Howard County (Nissel, J.) of assault and battery. On February 17, 1987, he was sentenced to ten years of imprisonment, with all but four years suspended, and he was placed on five years of supervised probation to commence on his release from incarceration. Collins appealed that judgment and was released on bond pending his appeal.[2]

While free on bail before his appeal was decided, Collins was charged and convicted in the Circuit Court for Baltimore City with possession of marijuana and phencyclidine (PCP). For those offenses, he received a one year suspended sentence, was placed on probation, and was ordered to pay court costs. Thereafter, on March 1, 1988, at a proba-

---

**2.** The Court of Special Appeals affirmed the judgment in an unreported opinion.

tion revocation hearing, Judge Nissel found that Collins had violated a condition of his probation by being convicted of possession of marijuana and PCP. He revoked Collins's probation and reimposed that part of the 10 year sentence which he had suspended on February 17, 1987.

On March 4, 1988, Collins filed an application for review of sentence. His application was denied by the Circuit Administrative Judge of the Fifth Judicial Circuit who concluded that the application was not timely since it was not filed within 30 days of the date on which Collins was originally sentenced in the Circuit Court for Howard County. Collins appealed and the Court of Special Appeals affirmed. *Collins v. State*, 77 Md.App. 456, 550 A.2d 743 (1988). We granted certiorari and reversed that judgment, *Collins v. State*, 321 Md. 103, 581 A.2d 426 (1990) (*Collins I*), reasoning:

> "The issue presented in this case is whether Collins' application was timely. To resolve this issue we must first determine whether the phrase 'imposition of sentence,' includes imposition of both the original sentence and reimposition of a previously suspended sentence. Of course, our determination must be consistent with the legislative purpose of the statute. In pursuit of that purpose, we find it unnecessary to look beyond the language of the statute, which is clear. *See Kaczorowski v. City of Baltimore*, 309 Md. 505, 515, 525 A.2d 628 (1987)....

> "Although § 645JA expressly states that a sentence may only be reviewed one time under the Sentence Review Act, § 645JB indicates that that right to apply for review may be exercised at one of two different times. Section 645JB expressly requires a review of any sentence exceeding two years, if an application is filed within 30 days of (1) imposition of sentence 'by any trial court' or, (2) 'the requirement of any trial court' that 'all or any part of a suspended sentence be served.' Section 645JB reiterates the one review limitation set forth in § 645JA:

> *If there has been a review pursuant to this subtitle of a sentence which was originally suspended* in whole or in part and any suspended part of such sentence is later required to be served, *there shall not be any right of review of the order requiring such suspended part of the sentence to be served.*

(emphasis added).

"Moreover, the definitions in § 645JF of 'sentencing judge' and 'sentencing court,' further convince us that the legislature intended to allow sentence review either following the imposition of the original sentence or following the reimposition of a previously suspended sentence. . . .

"It is undisputed in the instant case that Collins had not previously sought review of the sentence imposed in February 1987. Thus, he was not barred from review of sentence under the statute. We believe that opportunity arose when the sentencing judge reimposed the previously suspended 10 year sentence. Three days thereafter, and well within the time prescribed by Rule 4–344, Collins filed his application for review of sentence. Consequently, Collins' application was timely filed and should have been submitted to a panel for review."

*Id.* 321 Md. at 107–110, 581 A.2d at 428–29 (emphasis in original).

When this case was remanded to the Circuit Court for Howard County in accordance with our mandate in *Collins I,* the Circuit Administrative Judge appointed three judges of the Circuit Court for Howard County to review the sentence imposed upon Collins. That panel held a hearing and rendered a written opinion on May 7, 1991. The panel opined:

"Pursuant to *Collins v. State,* 321 Md. 103 [581 A.2d 426], the petitioner is afforded two opportunities for a review of sentence: either following imposition of the original sentence or following imposition of a suspended sentence. Regardless of which occasion is elected by the petitioner, the role of this Panel is the same. It must review the appropriateness of the original sentence im-

posed by Judge Nissel on February 17, 1987; not the reimposition of the previously suspended sentence on March 1, 1988."

Having so limited its review, the panel concluded that the original sentence imposed upon Collins on February 17, 1987 should not be modified.

Collins appealed to the Court of Special Appeals, complaining that he had been denied a review of the sentence imposed upon him following his violation of probation. We issued a writ of certiorari on our own motion to review the important question presented by his appeal before the case was considered by the intermediate appellate court.

## II.

As a preliminary matter, the State has moved to dismiss this appeal. It posits that since the review panel did not increase the sentence imposed upon Collins that this Court has no jurisdiction to review its decision, relying upon § 12–302(f) of the Courts and Judicial Proceedings Article, *supra.* We believe the State misunderstands the gravamen of Collins's complaint on appeal. Collins is not dissatisfied with the panel's decision that Judge Nissel properly sentenced him on February 17, 1987. Rather, he argues that he has been deprived of a review of the sentence imposed upon him on March 1, 1988 after Judge Nissel found that he had violated the probation on which he was placed on February 17, 1987.

The Sentence Review Act is implemented by Md.Rule 4–344. That rule requires that a criminal defendant seeking review of sentence apply to the sentencing court. The clerk of that court is directed to notify its Circuit Administrative Judge of the filing of the application so that a three judge panel may be appointed to review the sentence. Md.Rule 4–344(d). In *Collins I,* we rejected the notion that a denial of the right to review by the Circuit Administrative Judge was not appealable. Since the order foreclosed Collins's absolute right to review, we held that such order was final and

appealable under § 12–301 of the Courts and Judicial Proceedings Article. *Collins v. State,* 321 Md. at 106–07, 581 A.2d at 427. *See Wilde v. Swanson,* 314 Md. 80, 84, 548 A.2d 837, 839 (1988) (judgment is final when it settles and concludes the rights of a party involved in the action, or denies a party the means of further prosecuting the suit). In the instant case, Collins alleges that he has been denied *any* review of the sentence imposed upon him on March 1, 1988. If he was entitled to a review of that sentence (an issue which we shall decide in Part III, *infra*), the sentencing court, the Circuit Court for Howard County, and its Circuit Administrative Judge had the duty under Md.Rule 4–344 to arrange for that review. Because the review panel refused to review Collins's sentence, the circuit court allegedly has not performed its duty to provide the review. This is just as much a final order of the circuit court depriving Collins of his right as was the order of its Circuit Administrative Judge which we reversed in *Collins I.* Consequently, we hold that the order of the review panel declining to afford Collins a review of sentence was effectively a final order of the circuit court and appealable.

### III.

In *Collins I,* we determined that the expressed legislative intention in adopting the Sentence Review Act was to permit review of the original sentence where part thereof was suspended or the reimposition of a previously suspended sentence. 321 Md. at 109, 581 A.2d at 429. The only limitation on that right is expressed in § 645JB:

> "If there has been a review pursuant to this subtitle of a sentence which was originally suspended in whole or in part and any suspended part of such sentence is later required to be served, there shall not be any right of review of the order requiring such suspended part of the sentence to be served."

The Legislature has recognized that where a split sentencing technique is employed, as in the instant case, there is a distinct difference between the original sentence and the

later reimposition of part or all of the suspended part of the original sentence.[3] It is the latter sentence which has the greatest impact upon the convicted defendant. It would be illogical and nonsensical to conclude that the Legislature's concern over disparate criminal sentencing did not extend to the reimposition of a previously suspended sentence. *See Harford County v. University*, 318 Md. 525, 529–30, 569 A.2d 649, 651 (1990); *Potter v. Bethesda Fire Dep't*, 309 Md. 347, 353, 524 A.2d 61, 64 (1987). The position taken by the review panel in the instant case and the argument of the State in support thereof ignore the frequent exercise by the circuit courts of split sentencing authorized by Art. 27, § 639(a) and 641A(a)(3).

We also reject the State's argument that reimposition of a previously suspended sentence may only be reviewed by an application to appeal a revocation of probation. This argument overlooks the broader scope of review over a reimposed sentence possessed by a panel appointed pursuant to the Act than that possessed by an appellate court reviewing a revocation of probation. In the latter instance the revoking court will only be reversed for an abuse of discretion. *State v. Dopkowski*, 325 Md. 671, 677–78, 602 A.2d 1185, 1188–89 (1992); *Wink v. State*, 317 Md. 330, 338, 563 A.2d 414, 418 (1989). The review panel, on the other hand, has the power to order a different sentence to be imposed or served, including:

---

**3.** The Legislature defined the terms "sentencing judge" and "sentencing court" in § 645JF as follows:

"the term 'sentencing judge' means the judge who imposed the sentence or who required that any sentence, previously suspended, in whole or in part, be served; [and] the term 'sentencing court' means the court in which the sentencing judge imposed the sentence or required that any sentence, previously suspended, in whole or in part, be served; ..."

In that the term "sentencing court" specifically includes a judge who has reimposed a previously suspended sentence, it is clear that the Legislature intended the term "sentence" to include both the original imposition of sentence and the order requiring that a suspended portion of a sentence be served. *Collins I*, 321 Md. at 109, 581 A.2d at 429.

"by way of illustration and not by way of limitation, an increased or decreased sentence, or a suspended sentence to be served in whole or in part, or a sentence to be suspended with or without probation, upon such terms and conditions as the panel may deem just and which could lawfully have been imposed by the sentencing court at the time of the imposition of the sentence under review, ..."

Art. 27, § 645JC, *supra.*

Collins was denied this broad review of the reimposition of his previously suspended sentence. Since he had not previously sought to have his original split sentence reviewed, this denial was reversible error.

JUDGMENT REVERSED,

CASE REMANDED TO THE CIRCUIT COURT FOR HOWARD COUNTY WITH DIRECTIONS TO VACATE THE ORDER OF THE SENTENCING REVIEW PANEL AND TO RESUBMIT THE APPLICATION FOR REVIEW OF SENTENCE FOR CONSIDERATION IN LIGHT OF THIS OPINION.

COSTS TO BE PAID BY HOWARD COUNTY.