626 A.2d 975

**Ronald Anthony GREEN**

v.

**STATE of Maryland.**

No. 407, Sept. Term, 1992.

Court of Special Appeals of Maryland.

June 30, 1993.

Michael L. Pullen, Easton, for appellant.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Christian J. Jensen, State's Atty. for Caroline County, Denton, on the brief), for appellee.

Submitted before WILNER, C.J., and BISHOP and HARRELL, JJ.

WILNER, Chief Judge.

The State's Attorney for Caroline County charged appellant with participating in two armed robberies—one occurring on January 27, 1991, the other occurring February 21, 1991. In August, 1991, he appeared before Judge J. Owen Wise in the Circuit Court for Caroline County and, pursuant to a plea agreement, pled guilty, in each case, to one count of robbery with a deadly weapon. On October 16, 1991, Judge Wise sentenced appellant to consecutive terms of five years in prison for the first offense and 15 years in prison for the second.

On November 14, 1991, newly retained defense counsel filed with the Circuit Court (1) a motion to modify both sentences, and (2) a motion to extend the time for filing an application for review of the sentences by a three-judge panel. The motion to modify was denied by Judge Wise on December 27, 1991. No appeal has been taken from that decision, and we are therefore not concerned with it here. This appeal lies from the fate of the second motion.

The motion to extend time for seeking sentence review by a panel recited only that counsel, whose office was apparently in Easton, had prepared an application for review of sentence, an unsigned copy of which was attached, that Md. Rule 4–344 requires that such an application be signed by appellant personally, that appellant was "currently" housed in the Reception and Diagnostic Center in Baltimore, and that counsel had mailed the application to appellant but anticipated that he would not receive it back with appellant's signature before November 16, 1991, "which is the deadline for filing the Application in this Court." The motion did not indicate when appellant was moved to Baltimore, when the application was

mailed to him, or why counsel could not have driven to Baltimore or otherwise caused the application to be delivered to appellant for his signature earlier.

For some reason not reflected in the record, the motion was not actually presented to Judge Wise until November 19. Judge Wise penned on the motion:

"This request was not placed on my desk until November 19, 1991, for whatever reason. Therefore, signing the Order would be moot. While it could be backdated, there is no legal authority for extension or backdating. In any event, when the application is received a panel will be appointed. The panel's primary and initial assignment will be to decide if it has authority to consider on its merits an application not timely filed. J.Wise"

Although the State's Attorney filed a response indicating no objection to the motion, no further action was immediately taken. On December 6, 1991, defense counsel filed a supplemental motion to extend time, informing the court that appellant had signed the application in the wrong place and that another application had been sent to him. It was not until December 18, 1991, that the application for review of sentence signed by appellant was filed. On January 30, 1992, Judge Wise signed and filed an order designating three judges to serve as a panel to review appellant's sentence. Within a month, the State and appellant each filed a memorandum on the merits of the issue—whether appellant's sentence should be reduced.

On April 8, 1992, before any action by the review panel, Judge Wise entered a memorandum opinion and order rescinding his January order appointing the panel and denying the application for sentence review. After reciting some of the procedural history, Judge Wise observed:

"The Motion to Extend Time was presented to the undersigned on November 19, 1991. It was neither granted or denied, but endorsed indicating if and when an application was filed a panel would be appointed and their preliminary function would be to determine if they could consider an

application not timely filed. The Panel has informally indicated it does not feel it has authority to make the preliminary determination as to timeliness.

The unstated reason why the undersigned initially deferred any ruling on timeliness to the Review Panel was to avoid the appearance of frustrating the Defendant in any and' all manner of reviewing his sentence. Having sentenced the Defendant, and also having denied his Motion to Modify, a denial of a request for extension, or the right to a three-judge panel, by the undersigned, might appear vindictive and imperious. It now appears that the undersigned, as Circuit Administrative Judge, has the initial responsibility for determining an Applicant's right to a Sentence Review Panel. See *Collins v. State,* 77 Md.App. 456 [550 A.2d 743 (1988) ] (and 321 Md. 103 [581 A.2d 426 (1990) ] )."

Having concluded that the responsibility for determining the timeliness of the application was his, Judge Wise noted that Md. Rule 4–344(a) requires that an application for review be filed within 30 days after the imposition of sentence and that the Rules did not empower a judge to extend that time. Accordingly, the application not having been filed within the 30–day period, it was denied.

■ In this appeal from that order, appellant argues that the court *did* have authority, under Md. Rule 1–204, to grant his motion to extend the time for filing the application, and that it abused its discretion in denying the motion.

We are concerned here with two statutes and two rules. Md.Ann.Code art. 27, § 645JA(a)' states, in relevant part:

"[E]very person convicted of a crime by any trial court of this State and sentenced to serve, with or without suspension, a total of more than two years imprisonment in any penal or correctional institution in this State shall be entitled to have the sentence reviewed by a panel of three or more trial judges of the judicial circuit in which the sentencing court is located."

That section is part of the subtitle of article 27, consisting of §§ 645JA—645JG, entitled "Review of Criminal Sentences."

Section 645JG directs that "[a]ppropriate rules of procedure shall be promulgated by the Court of Appeals to implement the provisions of this subtitle."

Md. Rule 4–344 implements that subtitle. *State v. Ward*, 31 Md.App. 68, 354 A.2d 834 (1976). Section (a) of the Rule provides, in relevant part, that "[a]ny application for review of a sentence under ... Code, Article 27, §§ 645JA—645JG, shall be filed in the sentencing court within 30 days after the imposition of sentence or at a later time permitted by the Act." There is nothing in the Act providing for any later time, and so 30 days is the required period.

The Rule that appellant embraces for relief is Rule 1–204(a), which provides:

"When these rules or an order of court require or allow an act to be done at or within a specified time, the court, on motion of any party and for cause shown, may (1) shorten the period remaining, (2) extend the period if the motion is filed before the expiration of the period originally prescribed or extended by a previous order, or (3) on motion filed after the expiration of the specified period, permit the act to be done if the failure to act was the result of excusable neglect. The court may not shorten or extend the time for filing a motion for judgment notwithstanding the verdict, a motion for new trial, a motion to alter or amend a judgment, a motion addressed to the revisory power of the court, a notice of appeal except as provided in Rule B4, or an application for leave to appeal, or for taking any other action where expressly prohibited by rule or statute."

Appellant looks exclusively to the first sentence of the Rule, which permits the court, on motion of a party and for good cause, to extend the period for allowing an act to be done "if the motion is filed before the expiration of the period originally prescribed." As the motion to extend was filed before the expiration of the 30–day period prescribed by Rule 4–344, the court, he claims, had the authority to grant it and should, under the circumstances, have done so.

What appellant overlooks, however, is the second sentence of the Rule, prohibiting the court from extending the time for filing motions "addressed to the revisory power of the court ..." or "a notice of appeal." The general rule on revisory power over sentences is Rule 4–345, which allows "[t]he court" to correct an illegal sentence at any time, to revise any sentence upon motion filed within 90 days after imposition of the sentence, and to exercise revisory power thereafter upon a showing of fraud, mistake, or irregularity. Rule 4–344, implementing the "Review of Criminal Sentences" subtitle in article 27, provides an alternative method for revising criminal sentences. The authority conferred by Rule 4–345 is on the judge who imposed the sentence, subject to Rule 4–361. The authority conferred by the statute, and thus by Rule 4–344, is on a review panel of three judges.

The question thus raised is whether a motion for review of sentence under Rule 4–344 is a motion "addressed to the revisory power of the court" or, alternatively, a notice of appeal. We believe that it is one or the other.

A sentence review panel is somewhat of a hybrid creature. Because it is a multi-judge panel and excludes the judge who imposed the sentence under review, it has some attributes of an *in banc* panel provided for by Md.Const. art. IV, § 22 and Md. Rule 2–551. An *in banc* panel is regarded as an appellate body, separate from the circuit court that rendered the decision under review, because the proceeding before it is a substitution for the direct appeal to this Court. *Estep v. Estep*, 285 Md. 416, 404 A.2d 1040 (1979); *Montgomery County v. McNeece*, 311 Md. 194, 533 A.2d 671 (1987). The time allowed for "appealing" to that body is therefore regarded in much the same way as that allowed for appealing to this Court; it is jurisdictional in effect and cannot be enlarged or ignored. *Dabrowski v. Dondalski*, 320 Md. 392, 578 A.2d 211 (1990); *Walbert v. Walbert*, 310 Md. 657, 531 A.2d 291 (1987). To the extent, then, that a sentence review panel may be viewed as a separate *appellate* body, the time

for noting an "appeal" to it should also be viewed as jurisdictional in nature and not subject to enlargement.

A sentence review panel is not entirely like an *in banc* panel, however. It has no Constitutional recognition, and it has not been created as a unitary intermediate appellate court with a seal (Md. Const. art. IV, § 1). It therefore cannot properly be regarded as a separate court. Despite its limited quasi-appellate composition, it really serves as an alternative mechanism for exercising a revisory power of the circuit court. It is not a substitute for an appeal, for, except for correcting an illegal sentence, the authority vested in the panel to vacate or revise the sentence is discretionary, and no such authority rests with this Court. We cannot grant the kind of relief that a review panel can grant. We think, therefore, that a motion for sentence review under Rule 4–344 is in the nature of a motion addressed to the revisory power of the circuit court, and, for that reason, the court therefore has no authority to extend the 30–day period allowed for filing the motion. Accordingly, we affirm the order withdrawing the appointment of a review panel and denying the application as untimely.

ORDER AFFIRMED;

APPELLANT TO PAY THE COSTS.