# DAVID MICHAEL GLASS *v.* STATE OF MARYLAND

[No. 325, September Term, 1974.]

*Decided December 19, 1974.*

The cause was argued before ORTH, C. J., and MOYLAN and LOWE, JJ.

*R. Moss Carrico, Jr.,* with whom was *Richard R. Marchesiello* on the brief, for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *William B. Spellbring, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

ORTH, C. J., delivered the opinion of the Court.

On 28 March 1974 in the Circuit Court for Prince George's County DAVID MICHAEL GLASS pleaded guilty under the indictment filed against him in Criminal Trials No. 14065 to attempting to carnally know and abuse Wanda Marie Slaughter, a female not his wife, who was between the ages of fourteen and sixteen years (6th count) and to the assault and battery of her (4th count), both on 17 October 1973. On 10 May 1974, upon receipt of a presentence report of investigation, he was sentenced to 5 years on the assault and battery conviction and to a concurrent sentence of 3 years on the attempted carnal knowledge conviction. The State entered a *nolle prosequi* as to the remaining eight counts.[1] On 13 May the court ordered the sentence under the 6th count reduced to 2 years to run concurrently with the sentence under the 4th count. See Code, Art. 27, § 464. On 16 May Glass filed a petition for modification or reduction of his sentence. On 6 June he applied for a review of his sentences and the same day he noted an appeal from the judgments. The petition for modification or reduction of the sentences was denied on 12 June.[2] In the interim, on 7 June,

---

1. Glass was jointly indicted with Timothy Allen Master and James Edward Master. The other eight counts charged related offenses arising from the same incident. Glass was charged under all counts. The two Masters were charged under all except the 5th and 6th counts. The 5th count charged carnal knowledge.

2. The State's answer to the petition was filed the day after the petition was denied.

by order of the Administrative Judge of the Seventh Judicial Circuit a panel of three judges was assigned to consider the application for review of the sentences. The record transmitted to us shows nothing further concerning the review of sentence.

Appellant's brief was filed on 16 September 1974 and appellee's brief was filed on 14 October 1974. On 31 October 1974, however, appellant filed a "Motion to Correct Record." It alleged that on 13 June 1974 appellant mailed a motion for appropriate relief to the court below and the presiding judge which was received by the court on 18 June. The motion prayed for an order granting an extension of time within which to submit additional information to be considered in the review of sentence. The order was signed on 18 June but not filed until 30 July. The Motion to Correct Record further alleged that on 16 August a "Determination and Order on Application for Review of Sentence" was signed by the court below confirming the sentences imposed. Appellant requested that this record be corrected to include the motion for appropriate relief filed below, the cover letter of 13 June 1974 and the order of the lower court affirming the sentences. On 6 November the State answered, opposing the grant of the Motion. For reasons which will be apparent in our disposition of this appeal, the Motion to Correct Record is denied.

Glass presents five questions for determination on appeal. The first three concern procedures alleged to have been followed in the proceeding with respect to the review of the sentences imposed.[3]

---

3. The first three questions as presented are:

"1. Should the Defendant be granted another review of sentence since a decision in writing was not rendered within thirty days from the date of filing an application for review of sentence as required by Maryland Rule 762?

2. Should the Defendant be granted another review of sentence since no hearing was held and the panel did not afford the convicted person, his attorney, or the prosecuting attorney an opportunity to present information to the panel as required by Maryland Rule 762?

3. Should the Defendant be given another review of sentence since there is no evidence the review panel actually met and its determination and order is signed by only its chairman?"

## (1)

Review of criminal sentences is provided by Code, Art. 27, §§ 645JA-645JG,[4] and the statutes are implemented by Maryland Rule 762. The review is by ". . . a panel of three (3) or more trial judges of the judicial circuit in which the sentencing court is located. . . ."[5] Section 645JA. The panel has the power to order a different sentence to be imposed or served or the panel may decide that the sentence under review should stand unchanged. Section 645JC.

The appellate jurisdiction of the Court of Special Appeals of Maryland is bestowed by legislative enactment. The statutes provide no right of appeal to that Court by a person from an order of a sentence review panel nor is an appeal from such an order designated to be within its appellate jurisdiction. Under Courts Art. § 12-301 ". . . a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law." A sentence review panel is not a court. " 'Circuit court' means the circuit court for a county . . ." and the courts of the Supreme Bench of Baltimore City. Courts Art. § 12-101 (d). The right of appeal from the order of a sentence review panel is clearly not within the contemplation of Courts. Art. § 12-301.[6] Courts Art. § 12-308 specifically designates those actions, cases, causes, suits or proceedings with respect to which the Court of Special Appeals of Maryland has exclusive initial appellate jurisdiction. Proceedings before a sentence review panel is not among them. It is patent that the appellate review Glass seeks by his first three questions is not authorized by law and is without the jurisdiction of

---

**4.** Sections 645JA-645JG of Art. 27 were formerly §§ 132-138 of Art. 26. They were transferred and renumbered by ch. 2, Acts 1973, 1st Sp. Sess.

**5.** The judge who sentenced the convicted person shall not be one of the members of the panel, but if he so desires, he may sit with the panel in an advisory capacity only. Code, Art. 27, § 645JA.

**6.** We note that Art. 27, § 645JA provides that ". . . no person shall have the right to have any sentence reviewed more than once pursuant to this section."

this Court. They are not properly before us. That part of the appeal which attempts to obtain review of the proceedings before the sentence review panel and the order issued by it are dismissed.[7]

(2)

Glass asks if the transcript shows that his sentence ". . . was dictated by passion, prejudice, ill will, or other unworthy motive or violated due process and therefore should be reviewed on appeal." And he asks further whether the 5 year sentence for assault and battery constituted cruel and unusual punishment.

Any sentence within the limits prescribed by law is valid and does not constitute cruel and unusual punishment in violation of constitutional protections, *Charles v. State*, 1 Md. App. 222, 231, unless dictated by passion, prejudice, ill-will or any other unworthy motive, *Logan v. State*, 1 Md. App. 213, 316. *See Towers v. Director*, 16 Md. App. 678, 681. Assault and battery are common law crimes for which no statutory punishment is prescribed in this jurisdiction. *Weddle v. State*, 4 Md. App. 85, 90 and 94. An attempt to commit an offense constitutes a common law misdemeanor. In Maryland no statutory limitation is imposed with respect to sentence for attempted carnal knowledge, and in the case of an attempt, the sentence is not necessarily controlled by the statutory penalty for the completed offense. *Dailey v. State*, 234 Md. 325, 329; *Tillett v. Warden*, 215 Md. 596, 597; *Fisher v. State*, 1 Md. App. 505, 510. A sentence for a common law crime for which no sentence is fixed by statute is not invalid unless it amounts to cruel and unusual punishment or is imposed in violation of due process of law. Therefore, a trial judge in this State generally has wide

---

7. We point out that the notice to enter the appeal was filed 6 June 1974 and was from ". . . the judgment of conviction in counts four and six in the above noted case [State v. Glass, Criminal Trials No. 14065]." The three judges composing the sentence review panel were not assigned until 7 June, and, according to appellant, the order of the panel was not issued until 16 August.

We have a further observation. The sentence upon the conviction of attempted carnal knowledge was reduced to 2 years to run concurrently with the 5 year sentence for assault and battery. Review is authorized only for sentences of more than 2 years. Code, Art. 27, § 645JA and 645JB. Glass was not entitled to a review of the 2 year sentence in any event.

discretion in determining what sentence to impose, and in making that determination, he may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come. *United States v. Tucker,* 404 U. S. 443, 446; *Towers v. Director,* 16 Md. App. 678, 680-681.

At the penalty stage of the proceedings the court observed that Glass had been involved in a similar offense in Montgomery County as a result of which he was seeing a psychiatrist or psychologist.[8] The court said:

> "Mr. Glass, the Court cannot stand, society cannot stand, this type of conduct, it's that simple.
>
> It's apparent that you have had the benefit of counseling at the expense of the State, and it has served no purpose for you to become involved in a similar offense the second time."

The sentences were imposed to begin the day of sentencing because Glass had not "spent any time in jail" awaiting trial.

We see no abuse in the wide discretion enjoyed by the trial judge in his sentencing authority. The sentences did not exceed the maximum permitted by law, they were not cruel and unusual, and they were not imposed in violation of due process of law. No unworthy motive was indicated. The court was not obliged to follow recommendations made by pre-sentence investigators. *Church v. State,* 5 Md. App. 642.

> *Insofar as the appeal pertains to proceedings before the sentence review panel, it is dismissed; the judgments under the 4th and 6th counts of the indictment in criminal trials No. 14065 are affirmed; costs to be paid by appellant.*

---

8. The court at first remarked that Glass was on probation at the time of the current offense. Defense counsel corrected that impression: "He has never been convicted of anything. * * * There was an allegation of the offense in Montgomery County, but there were no charges placed with the Court. It was recommended that he see the psychiatrist over there, which he did, and that was transferred to Prince George's County."