525 A.2d 1072

**Robert Allen VINCENTI**

v.

**STATE of Maryland.**

**No. 44, Sept. Term, 1987.**

Court of Appeals of Maryland.

June 3, 1987.

Submitted to MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH *, McAULIFFE and ADKINS, JJ.

PER CURIAM.

Petitioner was brought before the Circuit Court for Harford County on 18 April 1985, charged with a violation of probation by having failed to report for alcohol abuse counseling. The trial judge did not conduct the waiver inquiry required by Md.Rule 4–215 and the hearing proceeded without Petitioner having the benefit of counsel. A representative of the Division of Probation and Parole testified concerning Petitioner's sporadic attendance at the alcohol clinic to which he had been assigned, and Petitioner offered an unsworn statement of explanation for his absences and a plea for mercy. Near the conclusion of the proceeding, the probation officer advised the court that a charge of "driving while suspended" was pending against the Petitioner in that court and would be heard on May 30, 1985. Thereupon, the trial judge said:

> Okay. There's no question you are in violation, Robert, and the court finds you in violation; and will defer any sanctions pending a hearing on that new charge.

On February 6, 1986, the state's attorney filed a supplemental petition, adding to the charge of violation of probation the allegation that Petitioner had been convicted of the crime of uttering. One week later the public defender entered his appearance on behalf of Petitioner.

The hearing resumed on 14 April 1986, and the probation officer testified that the Petitioner had recently been convicted of the offense of uttering. On cross-examination, Petitioner's counsel was able to show that Petitioner's probation had expired in March of 1985, and that the uttering offense occurred on 12 May 1985. Having effectively disposed of the charge contained in the supplemental petition,

---

* COUCH, J., now retired, participated in the conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

Petitioner's counsel turned his cross-examination to the sole remaining charge [1] of failure to receive alcohol therapy. That cross-examination was abruptly terminated, however, when the trial judge interrupted and the following colloquy took place:

THE COURT: Do you know that he was found in violation on these two cases on April the 18th of '85?

[COUNSEL FOR VINCENTI]: Your Honor, I have the Court file here and it seems to say that. It seems to say that he waived his right to counsel and he appeared here in April of '85.

THE COURT: And what does it say? Doesn't it say that he was found in violation?

[COUNSEL FOR VINCENTI]: It says ... it's hard to read, your Honor.

THE CLERK: That's what I was saying. I couldn't read my own notes. That's why I was checking with Ron.

THE COURT: That's what it is in my notes. It says sanctions were deferred pending a hearing on new charge, Case 1037 or three something or other I have there. In effect based on the alcohol violation he was found in violation at that time.

[COUNSEL FOR VINCENTI]: Okay. I have no further questions.

The message of the trial judge was clear, and was understood by Petitioner's counsel. The charge of violation of probation for failure to receive alcohol therapy had been fully adjudicated at the earlier proceeding, and was not an open issue—all that remained was the question of disposition.

The Court of Special Appeals, in an unreported opinion, acknowledged that the record failed to disclose compliance

---

1. The charge of "driving while suspended" that had been mentioned at the earlier hearing was never made a part of the allegations of violation of probation, and the record does not disclose the disposition of that charge.

with Md.Rule 4–215, and that the failure of the record to demonstrate an informed waiver of counsel ordinarily would require reversal. That court found, however, that the error was harmless because "the controlling order of revocation occurred at the [second] hearing" at which Petitioner had been represented by counsel. That conclusion is not supported by the record. The adjudication of the sole violation found in this case occurred at the first hearing, and the trial judge foreclosed any attempt to revisit that issue at the second hearing.

Because of the nature of probation revocation hearings in this State, a constitutional right to counsel exists. *State v. Bryan*, 284 Md. 152, 395 A.2d 475 (1978). *See also Black v. Romano*, 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985); *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Maryland Rule 4–215 mandates a procedure specifically designed to protect that right, and this record fails to show compliance with the requirements of that rule. The error was not harmless, and the judgment must be reversed and Petitioner afforded a new hearing. *Parren v. State*, 309 Md. 260, 523 A.2d 597 (1987).

THE PETITION FOR A WRIT OF CERTIORARI IS GRANTED, THE JUDGMENT OF THE COURT OF SPECIAL APPEALS IS REVERSED, AND THE CASE IS REMANDED TO THAT COURT WITH INSTRUCTIONS TO VACATE THE JUDGMENT OF THE CIRCUIT COURT FOR HARFORD COUNTY AND REMAND THE CASE TO THAT COURT FOR FURTHER PROCEEDINGS. COSTS TO BE PAID BY RESPONDENT.