533 A.2d 1339

Scott Lewis **RENDELMAN**

v.

**STATE of Maryland.**

No. 392, Sept. Term, 1987.

Court of Special Appeals of Maryland.

Dec. 7, 1987.

Certiorari Granted March 30, 1988.

Sherrie B. Glasser, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

John S. Bainbridge, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Andrew L. Sonner, State's Atty. for Montgomery County and Barry Hamilton, Asst. State's Atty. for Montgomery County, Rockville, on the brief), for appellee.

Before WILNER, BISHOP and ROBERT M. BELL, JJ.

WILNER, Judge.

A jury in the Circuit Court for Montgomery County convicted appellant Scott Rendelman of 15 counts of theft over $300, for which the court sentenced him to 10 years in prison. All but 18 months of that sentence was immediately suspended in favor of three years probation upon his release from confinement. Within 30 days after the entry of judgment, Rendelman filed both a notice of appeal to this Court and an application pursuant to Md.Code Ann. art. 27, §§ 645JA–645JG and Md.Rule 4–344 for review of sentence. Although Rendelman was represented by the Public Defender's Office in the appeal, the application for review of sentence was filed *pro se* and all proceedings pursuant to it were conducted by Rendelman without benefit of counsel.

In an unreported opinion filed June 1, 1987, this Court affirmed the judgment from which the appeal had been taken. *Rendelman v. State*, S.T.1986, No. 1449. Meanwhile, on March 11, 1987, the sentence review panel, based

principally on certain opprobrious conduct of Rendelman since his initial sentence, struck the suspended part of that sentence, thereby effectively increasing his potential period of incarceration by some eight and a half years. The order stated in relevant part:

"This matter having come before the Court on February 20, 1987, for a hearing on the Defendant's Petition for Modification of Sentence, and the Court having considered the arguments of counsel for the State and the defendant acting in proper person as well as written submissions from both sides, it is thereupon, this *11th* day of *March*, 1987,

ORDERED, that the sentence originally imposed in this case be modified as follows:

a. That the defendant is sentenced to the Division of Correction for a period of ten (10) years, *no* portion of said sentence to be suspended.

. . . . .

c. That the Court strongly recommends placement of the defendant at the Patuxent Institute."

From that order, Rendelman has brought this appeal, complaining that:

"I. The appellant was improperly denied his right to assistance of counsel.

II. The three judge panel erroneously increased appellant's sentence.

III. The statutory provisions of Art. 27, § 645JA permitting the increase of a sentence, upon application for review, are violative of the due process and double jeopardy set forth in the Constitution.

IV. The three judge panel was without jurisdiction to render a decision following the termination of the thirty day period established by statute.

V. Appellant is entitled to withdraw his application for review of sentence in light of the failure of the State to send him notice of such hearing."

The State naturally contests the merit of all of these complaints; it has, in addition, moved to dismiss the appeal on the ground that no appeal lies from an order of a sentence review panel. That, of course, is a threshold issue that we must resolve first.

### (a) Appealability

Md.Code Ann. art. 27, § 645JA(a) provides:

"Unless no different sentence could have been imposed or unless the sentence was imposed by more than one trial judge, every person convicted of a crime by any trial court of this State and sentenced to serve, with or without suspension, a total of more than two years imprisonment in any penal or correctional institution in this State shall be entitled to have the sentence reviewed by a panel of three or more trial judges of the judicial circuit in which the sentencing court is located. However, a person has no right to have any sentence reviewed more than once pursuant to this section. Notwithstanding any rule of the Court of Appeals to the contrary, the judge who sentenced the convicted person shall not be one of the members of the panel, but if he so desires he may sit with the panel in an advisory capacity only."

Section 645JC authorizes the panel to "order a different sentence to be imposed or served, including ... an increased or decreased sentence." If the panel orders any different sentence, it "shall resentence and notify the convicted person in accordance with the order of the panel." Section 645JG directs the Court of Appeals to promulgate Rules to implement the statute, which the Court has done through Md.Rule 4–344.

In *Glass v. State*, 24 Md.App. 76, 329 A.2d 109 (1974), the appellant had been convicted of an attempted sex offense and of assault, for which he received concurrent sentences of five and two years. As did Mr. Rendelman, Glass filed both an appeal and an application under § 645JA–JG for review of sentence. During the pendency of the appeal, the sentence review panel confirmed the existing sentence.

Glass moved to supplement the record on appeal to add the proceeding before the sentence review panel in order to provide a basis for his challenge to certain aspects of that proceeding. We denied that motion on the ground that no appeal would lie from an order of a sentence review panel. The Court stated, at 79, 329 A.2d 109:

"The appellate jurisdiction of the Court of Special Appeals of Maryland is bestowed by legislative enactment. The statutes provide no right of appeal to that Court by a person from an order of a sentence review panel nor is an appeal from such an order designated to be within its appellate jurisdiction. Under Courts Art. § 12–301 '... a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law.' A sentence review panel is not a court. ' "Circuit court" means the circuit court for a county ...' and the courts of the Supreme Bench of Baltimore City. Courts Art. § 12–101(d). The right of appeal from the order of a sentence review panel is clearly not within the contemplation of Courts Art. § 12–301. Courts Art. § 12–308 specifically designates those actions, cases, causes, suits or proceedings with respect to which the Court of Special Appeals of Maryland has exclusive initial appellate jurisdiction. Proceedings before a sentence review panel is not among them."

(Footnote omitted.)

We reaffirmed that conclusion in *State v. Ward,* 31 Md.App. 68, 354 A.2d 834 (1976). The defendant there had initially been sentenced to three years imprisonment, all of which was suspended in favor of three years probation. Subsequently, upon a finding that conditions of the probation had been violated, the court struck the probation and directed execution of the three-year sentence. Upon an application for review filed pursuant to § 645JA, a review panel modified that order by suspending all but 18 months

of the three-year sentence. The State appealed, contending that the panel had no jurisdiction to consider the application because it was filed more than 30 days after the initial imposition of the sentence. See State's Brief in No. 759, S.T.1975.

On Ward's motion, we dismissed the appeal. We began by quoting and confirming what we had said in *Glass*—that "[a] sentence review panel is not a court" (*State v. Ward,* *supra,* at 72, 354 A.2d 834) and that no appeal would lie from its order. We acknowledged that, under *State ex rel. Sonner v. Shearin,* 272 Md. 502, 325 A.2d 573 (1974), and *State v. Wooten,* 277 Md. 114, 352 A.2d 829 (1976), the State could appeal from the denial of a motion to correct an illegal sentence, but found, in that case, that (1) the sentence at issue was not facially illegal and (2) the State had never asked the trial court to correct the action of the review panel and so its appeal did not fall within the narrow exception allowed by *Shearin* and *Wooten.*

The State's motion to dismiss this appeal is based principally upon *Glass* and *Ward.* We do not believe those cases are controlling here.

In *Teasley v. State,* 298 Md. 364, 370, 470 A.2d 337 (1984), the Court of Appeals observed that:

"[a]ppellate review of sentences is extremely limited in Maryland; only three grounds of review are recognized: (1) the sentence may not constitute cruel and unusual punishment or otherwise violate constitutional requirements; (2) the sentencing judge may not be motivated by ill will, prejudice or other impermissible considerations; and (3) the sentence must be within statutory limitations."

In light of this limited scope of appellate review, we think that there is a significant difference between a confirmance or reduction in sentence by a review panel, as occurred in *Glass* and *Ward,* and an increase ordered by it, as occurred here.

■ Putting aside the special issues pertaining to the ability of the *State* to appeal from a reduction in sentence, the fact is that, where the panel merely confirms the existing sentence, the relevant inquiry ordinarily is into that sentence and the procedure leading to its initial imposition. The sentence either violates Constitutional or statutory requirements or it does not; the trial judge who imposed the sentence acted properly and complied with mandatory procedure or did not. Challenging what occurred before the review panel usually adds nothing of real substance. Where the panel *increases* the sentence, however, the focus is necessarily and quite properly on what occurred before the panel. *Its* sentence, not that initially imposed by the trial judge, is what must pass muster, because that is the effective sentence in the case. *That* is the sentence that must be within Constitutional and statutory limits; it is that proceeding that must comport with required procedure; it is the *panel* then that must be free of "ill will, prejudice or other impermissible considerations." *Teasley, supra,* at 370, 470 A.2d 337.[1]

Viewed in this light, it is apparent that some of the legal underpinning of *Glass* and *Ward* is not entirely accurate and that the actual holdings in those cases cannot control the situation now before us. In particular, where, as here, the review panel effectively increases the sentence imposed (or directed to be executed) by the trial judge, the notion that the panel does not constitute a "court" or that its order does not constitute a "judgment" simply does not comport with either logic or reality. It is, and must be, a court.

---

1. We do not mean to suggest here, as we did in *Glass* and *Ward,* that the action of a review panel is entirely immune from appellate review when the sentence is not increased. Denial of a fundamental right by the panel, such as the right to counsel (see *infra* ), must be subject to appellate review, even if the sentence is not increased, for, absent that denial, the panel might have been persuaded to decrease the sentence. The distinction between an increase in sentence and a mere confirmance or decrease has more to do with attacks on the sentence itself, the factors that were considered, and the general conduct of the sentencing proceeding.

Only a court can sentence a convicted criminal to jail. That is peculiarly a judicial function (see *Ex Parte United States,* 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916)) which, in this instance, is committed to the Circuit Court.

Rule 4–344, at least implicitly, recognizes the review panel as a court. Section (a), which makes specific reference to §§ 645JA–JG, requires that the application be filed "in the sentencing court"; § 645JF defines "sentencing court" as "the court in which the sentencing judge imposed the sentence...." There is nothing in the Rule to suggest that, once filed in "the sentencing court," the application is acted upon by any other tribunal. What seems plain from all of this is that the sentence review procedure remains, as it must, in the court where the case was tried and the sentence imposed. The statute merely provides a procedure for three judges, acting for the court, to review the sentence imposed by a single judge, acting for the court. The decision of the panel, to the extent that it changes the sentence, is the decision of the court; indeed, by finally concluding the rights of the parties at that level, it is the final judgment of the court.

For these reasons, we conclude that, subject to the limited scope of appellate review noted in *Teasley, supra,* the order of the panel in this case is appealable by Rendelman. We therefore deny the State's motion to dismiss.

### (b) Right to Counsel

Quite apart from whether Rendelman had a Constitutional right to the assistance of counsel in the sentence review proceeding (see *Consiglio v. Warden, State Prison,* 153 Conn. 673, 220 A.2d 269 (1966); *Stack v. State,* 492 A.2d 599 (Me.1985); *In re Croteau,* 353 Mass. 736, 234 N.E.2d 737 (1968)), he clearly had a statutory right to such assistance. Section 645JE of art. 27 provides, in relevant part, that any person having the right to file an application for review "shall have the right to be represented by counsel retained by him, or appointed by the sentencing judge ... in connec-

tion with filing application for such review." More significantly, in terms of this case, § 645JE states further that, "[i]f the panel holds a hearing in connection with any review of a sentence pursuant to this subtitle, the defendant shall be entitled to appear in person at the hearing and to be represented by counsel retained by him, or previously appointed by the sentencing judge, or appointed by one or more members of the panel."

Md.Rule 4–215 "mandates a procedure specifically designed to protect" the right to counsel. *Vincenti v. State*, 309 Md. 601, 604, 525 A.2d 1072 (1987). The Rule requires the court to inform the defendant of his right to counsel and to decline to accept any express waiver of counsel until assured, after an examination of the defendant on the record, that the waiver is a knowing and voluntary one.

There can be no doubt that Rendelman knowingly, voluntarily, and effectively waived his right to counsel at his trial. All of the requirements of Rule 4–215 were complied with; indeed, the judges presiding at different points in the proceeding implored him in vain to accept the benefit of counsel. It is equally clear that no advice was given to him and no inquiry pursuant to the Rule was made by the review panel. He filed the application *pro se* and he appeared at the February 20 hearing without counsel, and yet, despite his representation by counsel in his then-pending appeal, no one asked whether he understood that he had a right to counsel in the sentence review proceeding, whether he wanted counsel, or whether he had made any effort to obtain counsel. Two questions are thus presented: (1) does Rule 4–215 apply to sentence review proceedings and, (2) if so, could the panel rely on the waiver of counsel at trial as extending to the review proceeding?

■ We have no difficulty at all with the first of these questions. As noted above, the Rule was intended to implement and protect the right to counsel; there is a right to counsel at these proceedings; the Rule therefore applies. In *Vincenti v. State, supra,* 309 Md. 601, 525 A.2d 1072,

and even more recently in *Wilkes v. State* (S.T.1987, No. 54, Op. filed 11/4/87 *sub nom. Maus v. State*, 311 Md. 85, 532 A.2d 1066), the Court held that the Rule applied even in probation revocation proceedings, which are regarded as civil in nature. If Rule 4-215, a rule of criminal procedure, applies in probation revocation proceedings, surely it must apply in sentence review proceedings which are criminal in nature and where, unlike revocation proceedings, the sentence can be *increased.*

In arguing the second question—that the valid waiver at trial extended over to the review proceeding—the State relies principally on *Grandison v. State*, 305 Md. 685, 752, 506 A.2d 580, *cert. denied* —— U.S. ——, 107 S.Ct. 38, 93 L.Ed.2d 174 (1986). We think *Grandison* is distinguishable.

*Grandison* was a capital punishment case. The defendant had effectively waived counsel prior to trial and represented himself at the guilt/innocence stage. At the sentencing proceeding, he indicated a desire to have counsel, claiming that "he was entitled to change his mind about representation because the case actually was two separate trials." 305 Md. at 751. The trial court disagreed; it found that he had validly waived counsel and required him to proceed *pro se.* The Court of Appeals affirmed, rejecting his arguments that he was entitled to a "readvisement" of his right to counsel and that his earlier waiver was not applicable to the sentencing proceeding.

*Grandison* is distinguishable for two reasons. First, the sentencing proceeding there was an inextricable part of one trial; the waiver was effective for the trial, and that included the sentencing.[2] That unity does not exist here. A sentence review proceeding is not part of the trial; indeed, the trial (sentencing) judge may not sit with the review panel except in an advisory capacity. Art. 27, § 645JA(a);

---

**2.** Compare Md.Code Ann.Cts. & Jud.Proc. art., §§ 3-820 and 3-821 making the adjudicatory and disposition proceedings in juvenile causes entirely separate proceedings and affording a right to counsel "at every stage of any proceeding under this subtitle."

Md.Rule 4–344(d). Second, in *Grandison*, the judge in the sentencing proceeding actually made a finding of waiver, based on Grandison's pre-trial conduct. No such finding was made in this case.

The need for such a finding was underscored in *Wilkes v. State, supra, sub nom. Maus v. State*, 311 Md. 85, 532 A.2d 1066. There, as here, the State's waiver argument was premised on the fact that, on earlier occasions, the defendant had been properly informed of his right to counsel. Acknowledging that the failure to obtain counsel in the face of that advice could constitute a waiver, the Court observed, at 33 of the slip opinion, that "[t]he problem here is first, that the trial [i.e., hearing] judge made no finding of a knowing and intelligent waiver of this right, based upon Wilkes's inaction or otherwise. And more fundamentally, the judge did not comply with the requirements of Rule 4–215(d)."

■ In this context, a sentence review proceeding is not much different than a first post-conviction proceeding. They are both independent, post-trial, post-judgment proceedings at which the applicant/petitioner has a right to counsel. A waiver of counsel at trial would no more carry over into a sentence review proceeding than it would to a post-conviction proceeding.

Given the real jeopardy faced by an applicant for sentence review—the possibility of an increased sentence—we believe that Rule 4–215 is applicable and must be satisfied. A waiver cannot be tacitly assumed from what occurred prior to trial. Because there was no compliance with the Rule in this case, we shall vacate the order appealed from and remand for a new hearing. We therefore need not address the remaining questions raised by Rendelman, all of which are, or may become, moot.

ORDER OF SENTENCE REVIEW PANEL VACATED; CASE REMANDED FOR NEW HEARING; MONTGOMERY COUNTY TO PAY THE COSTS.