656 A.2d 329

**STATE of Maryland**

v.

**Gregory EVANS.**

**No. 1009, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

April 3, 1995.

Celia Anderson Davis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellant.

Nancy S. Forster, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellee.

Argued before MOYLAN, WENNER and SALMON, JJ.

SALMON, Judge.

In this case, appellee, Gregory Evans, was thrice sentenced to consecutive 20 year terms of imprisonment for possession of cocaine with intent to distribute and conspiracy to distribute cocaine. After his third sentencing, a three-judge sentence review panel reduced his sentence by ordering the two 20 year sentences to run concurrently rather than consecutively. Appellant, the State of Maryland, filed a Motion for Reconsideration of Review of Sentence and Motion to Strike Illegal Sentence. Appellant's motions were denied and this appeal followed. On appeal, we must determine whether the three judge panel had the authority to consider appellee's Application for Review of Sentence.

## BACKGROUND

In December of 1990, appellee was convicted by a jury in the Circuit Court for Baltimore City (Angeletti, J., presiding) on five narcotics violations. On February 7, 1991, Judge Angeletti sentenced appellee to 20 years imprisonment on Count I, charging possession of cocaine with the intent to distribute, and ordered that sentence to run consecutive to a parole violation in an unrelated case. On Count III, charging conspiracy to distribute cocaine, appellee received another 20 year term, to run consecutive to the sentence imposed on Count I. Appellee was sentenced on the remaining counts as follows: Count II, charging possession of cocaine, four years concurrent with Count I; Count IV, charging conspiracy to possess cocaine with the intent to distribute it, 20 years

concurrent with Count I; Count V, charging conspiracy to possess cocaine, four years concurrent with Count III.

Appellee filed a timely Application for Review of Sentence before a three-judge panel, but the panel ordered, on April 24, 1991, that his sentence was to remain the same. Appellee appealed his convictions, and a panel of this Court, in a per curiam unreported opinion, affirmed appellee's convictions but vacated his sentence. On October 16, 1992, appellee was resentenced by Judge Angeletti to two consecutive twenty year terms, as before, on Counts I and III. Judge Angeletti merged Counts II and V, however, and ran Count IV concurrent with Count I. Appellee filed a second appeal, and a panel of this Court again vacated appellee's sentence in a per curiam unreported opinion. The panel concluded as follows:

> We think the totality of the circumstances indicates that the appearance of impropriety existed in this case. These circumstances include: the possibility that the trial judge impermissibly considered the closing argument of the trial attorney in sentencing Evans to the maximum of 40 years; the possibility that the sentence was unduly severe and 20 years in excess of the guidelines; the appearance of impropriety created by the instances of animosity between the trial judge and the trial attorney at trial, the remarks made by the trial judge at the sentencing and resentencing hearings. Therefore, we remand the case to the circuit court . . . for resentencing before a different judge.

*Evans v. State*, No. 1575, September Term, 1992, filed June 7, 1993.

On September 1, 1993, appellee appeared before Judge Themelis for his third sentencing, and the court sentenced appellee to the exact sentence that had been imposed by Judge Angeletti at the second sentencing proceeding.[1] Appellee filed a timely Application for Review of Sentence by a three-judge panel, and on November 30, 1993, the panel

---

[1]. Although Evans appealed his sentence again, a panel of this Court affirmed it in a per curiam unreported opinion.

modified appellee's sentence by ordering the two 20 year sentences to run concurrently rather than consecutively. As we have said, the panel denied appellant's Motion for Reconsideration of Review of Sentence and Motion to Strike Illegal Sentence.

## DISCUSSION

Appellant asserts that the three judge panel was without authority under Art. 27, § 645JA to review the sentence imposed by Judge Themelis. Art. 27, § 645JA provides, in part:

a) Unless no different sentence could have been imposed *or unless the sentence was imposed by more than one trial judge,* every person convicted of a crime by any trial court of this State and sentenced to serve, with or without suspension, a total of more than two years imprisonment in any penal or correctional institution in this State shall be entitled to have the sentence reviewed by a panel of three or more trial judges of the judicial circuit in which the sentencing court is located. However, *a person has no right to have any sentence reviewed more than once pursuant to this section* . . . . (Emphasis added).

Appellant argues that the limiting language, "unless the sentence was imposed by more than one trial judge," foreclosed appellee's right to a sentence review in this case. Pointing out that the purpose of the Sentence Review Act is to ensure uniformity of punishment, appellant contends that inasmuch as two different judges had already imposed the same sentence in this case, the spirit of the statute would not be advanced by allowing further review by a three judge panel. Appellee contends, on the other hand, that the limiting language contemplates the situation in which two judges hear one case together and impose one sentence together. According to appellee, the sentence for which appellee requested review was imposed by Judge Themelis alone and thus was not imposed by more than one judge.

In *Collins v. State*, 326 Md. 423, 605 A.2d 130 (1992), the Court of Appeals explained how Art. 27, §§ 645JA–645JG, subtitled "Review of Criminal Sentences," was conceived:

On October 15, 1962, acting on a recommendation of the Maryland State Bar Association, then Governor J. Millard Tawes appointed a commission to study sentencing in the criminal cases in this State. In its report presented to the Governor on December 17, 1965, that Commission concluded that in many instances the sentences imposed by circuit judges throughout the state for the same crimes committed under the same circumstances by persons with similar backgrounds were alarmingly disparate. Report of the Governor's Commission to Study Sentencing in Criminal Cases 16–17 (1965). The Commission criticized the injustice, recognized the problems that it created, and emphasized the need for reasonable uniformity in sentencing practices. *Id.* Accordingly, the Commission recommended the adoption of a system, patterned upon statutes then in effect in Massachusetts and Connecticut which would provide for the review of criminal sentences by a panel of trial judges who were the peers of the sentencing judge. *Id.* at 19.

A perusal of the Governor's Commission Report shows that the relevant limiting language was contained in the original draft of Art. 27, § 645JA that the Commission prepared. Moreover, the Commission included the following explanatory footnote after the phrase:

In proposing the statute the Commission is suggesting that there should be review of any sentence of two (2) years or more if the sentence is imposed by any single Judge. If the sentence is imposed originally by more than one (1) Judge, the Commission does not propose, at this time, that review be provided.

Report of the Governor's Commission to Study Sentencing in Criminal Cases, p. 20 n. 5 (1965).

In this case, appellee filed an Application for Review of his sentence imposed by Judge Themelis on September 1, 1993. Although appellee had been sentenced twice before in the

same case, both of those sentences had been vacated by panels of this Court. The word "vacate" means "[t]o annul; to set aside; to cancel or rescind; to render an act void; as, to vacate an entry of record, or a judgment." Black's Law Dictionary 1548 (6th ed. 1990). Hence, when appellee appeared before Judge Themelis, his previous two sentences were nullities, and he was standing before the court as if he were being "originally" sentenced. Accordingly, appellee's "sentence" was imposed by one judge.[2]

▮ Alternatively, appellant argues that, pursuant to the specific wording of § 645JA, appellee was not entitled to a second sentence review. As we noted above, § 645JA provides that "a person has no right to have any sentence reviewed more than once pursuant to this section."

We acknowledge that, after Judge Angeletti imposed appellee's first sentence, a three judge-panel reviewed the sentence and ordered it to remain the same. We emphasize, however, as we did above, that appellee's first and second sentences were vacated by a panel of this Court. Consequently, for all intents and purposes, appellee's third sentencing proceeding was appellee's original "sentencing," from which appellant could seek review in accordance with Art. 27, §§ 645JA–JG.

Because the three-judge panel did have jurisdiction to review appellee's sentence, appellee is correct when he contends that the State has no right to appeal. Md.Code (1974, 1989 Repl.Vol.), § 12–302(f) of the Cts. & Jud.Proc. Article (CJ) sets forth the particular judgments from which the State may appeal. Specifically, CJ § 12–302(f) states: "[T]his subtitle does not permit an appeal from the order of a sentence review panel of a circuit court under Art. 27, §§ 645JA through

---

2. We note, as appellee points out in his brief, that when the Governor's Commission submitted its draft of the statute in 1965, it was common to have two or more judges try a case and impose a sentence together. *See, e.g., Johnson v. State,* 238 Md. 528, 209 A.2d 765 (1964); *Rakes v. State,* 227 Md. 172, 175 A.2d 579 (1961). This observation thus adds support to our interpretation of the statutory language at issue.

645JG of the Code, unless the panel increases the sentence." [3] Although the State clearly has a common law "right to appeal from a final judgment involving action outside the jurisdiction of the lower court ...," *Cardinell v. State*, 335 Md. 381, 396, 644 A.2d 11 (1994), we have determined that the lower court did not exceed its jurisdiction in reviewing appellee's sentence.

APPEAL DISMISSED; COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.

---

**3.** Subsection (f) was added to CJ § 12–302 in 1989 by the passage of Senate Bill 495. The Senate Bill file reveals that the addition was proposed in order to codify three Court of Special Appeals cases: *Rendelman v. State*, 73 Md.App. 329, 533 A.2d 1339 (1987), *cert. dismissed*, 313 Md. 610, 547 A.2d 187 (1988); *State v. Ward*, 31 Md.App. 68, 354 A.2d 834 (1976); and *Glass v. State*, 24 Md.App. 76, 329 A.2d 109 (1974). Chief Judge Wilner, writing for this Court in *Rendelman*, explained that the Courts in both *Glass* and *Ward* had held that a sentence review panel was not a "court" and therefore no appeal could lie, whether noted by the State or the defendant. 73 Md.App. at 333–34, 533 A.2d 1339. In *Rendelman*, however, we held that the defendant could appeal the order of a sentence review panel increasing his sentence. *Id.* at 336, 533 A.2d 1339. We emphasized that "where ... the review panel effectively increases the sentence imposed ... by the trial judge, the notion that the panel does not constitute a 'court' or that its order does not constitute a 'judgment' simply does not comport with reality." *Id.* at 335, 533 A.2d 1339.