732 A.2d 863

**Wayne RESPER**

v.

**STATE of Maryland.**

**No. 154, Sept. Term, 1998.**

Court of Appeals of Maryland.

July 8, 1999.

612

Melissa M. Moore, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for Appellant.

Mary Ann Ince, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. of Maryland, on brief), Baltimore, for Appellee.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, RAKER, WILNER, CATHELL and ROBERT L. KARWACKI (retired, specially assigned), JJ.

RAKER, Judge.

The issue in this appeal is the propriety of the sentence imposed upon Appellant by the sentence review panel which reviewed Appellant's sentence pursuant to Maryland Code

(1957, 1996 Repl.Vol.) Article 27, §§ 645JA–645JG.[1] The primary question we must answer is whether a three-judge sentence review panel has the authority to review a recommendation for Patuxent Institution. We conclude that it does, and accordingly we shall affirm.

## I.

On March 27, 1998, appellant, Wayne Resper, was convicted in the Circuit Court for Anne Arundel County after he pled guilty to attempted first degree murder, intimidating or influencing a juror,[2] and reckless endangerment. At the sentencing proceeding the trial judge stated:

[I]t is the judgment and sentence of this Court for the crime of attempted first degree murder, I sentence you to life imprisonment.

For the offense of intimidating or influencing a witness, I sentence you to five years to run consecutive.

To the reckless endangerment, if that crime will merge, I will merge it.

The Court will, in light of Dr. Spodak's recommendation, recommend you to evaluation at Patuxent Institute for further evaluation and commitment if you meet their criteria.

The court advised Appellant of his appeal rights and review of sentence. The following colloquy then occurred:

THE COURT: You are excused.

---

1. Unless otherwise indicated, all future references to these provisions shall be to Maryland Code (1957, 1996 Repl.Vol.) Article 27, §§ 645JA–645JG. Subsequent to the sentence review in this case, the General Assembly rewrote § 645JC and § 645JE. 1998 Maryland Laws ch. 367, § 1, at 1914 (effective October 1, 1998) (codified at Maryland Code (1957, 1996 Repl.Vol., 1998 Supp.) Article 27, § 645JC, § 645JE).

2. Resper was indicted by the Grand Jury for Anne Arundel County for violation of Maryland Code (1957, 1996 Repl.Vol.) Article 27, § 26. Throughout the record, that charge is referred to as "intimidating or influencing a juror," "intimidating or influencing a witness" or "retaliation for testimony."

[STATE'S ATT'Y]: Your Honor, may I beg the Court's indulgence for a moment?

THE COURT: Yes.

[STATE'S ATT'Y]: Your Honor, the Court?

THE COURT: It doesn't. All right. Correction. As to the reckless endangerment, it is five years. That sentence to run concurrent.

[DEFENSE ATT'Y]: Thank you, Your Honor.

THE COURT: All right.

[DEFENSE ATT'Y]: Do you understand that?

DEFENDANT. Yeah.

[DEFENSE ATT'Y]: May we step down, Judge?

THE COURT: Yes, sir.

Appellant exercised his right to review of sentence pursuant to Article 27, § 645JA.[3] Before the three judge panel, (Rushworth, J., Heller, J., and Lerner, J.), Appellant argued that, based on the guidelines, the sentence was "unduly harsh." In regard to Patuxent Institution, defense counsel implored the panel to say "that a recommendation to Patuxent is warranted and is made." The State's Attorney took no position on the Patuxent referral.

The panel modified Appellant's sentence, increasing the sentence imposed by the sentencing judge for reckless endangerment so that the five-year sentence runs consecutive to the

---

**3.** Article 27, § 645JA, Right to review of sentence, provides in pertinent part as follows:

(a) *In general.*—Unless no different sentence could have been imposed or unless the sentence was imposed by more than one trial judge, every person convicted of a crime by any trial court of this State and sentenced to serve, with or without suspension, a total of more than two years imprisonment in any penal or correctional institution in this State shall be entitled to have the sentence reviewed by a panel of three or more trial judges of the judicial circuit in which the sentencing court is located. However, a person has no right to have any sentence reviewed more than once pursuant to this section. Notwithstanding any rule of the Court of Appeals to the contrary, the judge who sentenced the convicted person shall not be one of the members of the panel, but if he so desires he may sit with the panel in an advisory capacity only.

five-year sentence imposed for retaliation for testimony. The panel was divided as to the Patuxent recommendation. The panel Memorandum and Order stated: "This Panel will not recommend Patuxent Institution but will leave that decision to the appropriate authorities." Judge Heller concurred in all respects with the Order of the panel except that he would not have changed that part of the sentencing court's recommendation that Appellant be considered for admission to Patuxent.

Appellant noted a timely appeal to the Court of Special Appeals, raising two issues: whether the sentence review panel had the authority to review and modify the circuit court's recommendation for evaluation at Patuxent Institution, and whether the panel had the authority to impose a sentence on the reckless endangerment count based on an argument that the circuit court merged that conviction for sentencing purposes. We issued a writ of certiorari on our own motion to consider these issues.

## II.

Appellant contends that the trial court merged the reckless endangerment conviction for sentencing purposes, and therefore, there was no sentence to modify either upward or downward. We can dispose of this contention quickly, because the short answer is that there was no merger of the reckless endangerment conviction. The record reflects clearly that as to that count, the trial court sentenced Appellant to five years, to run concurrent to the other sentences imposed.

■ Appellant counters with the argument that the trial judge was bound by his statement that "if that crime will merge, I will merge it" and that the purported correction and modification of the sentence was impermissible because Appellant had been excused from the courtroom. *See* Md. Rule 4–345(b) (stating in pertinent part that "[t]he court may not increase a sentence after the sentence has been imposed, except that it may correct an evident mistake in the announcement of a sentence if the correction is made on the record *before the defendant leaves the courtroom* following the sen-

tencing proceeding") (emphasis added). Appellant's argument is frivolous. Not only does the record reflect that Resper was in the courtroom when the judge imposed the sentence for reckless endangerment; it also reflects that his attorney asked him whether he understood, and he responded in the affirmative. The sentencing phase of the proceeding had not been terminated. Consequently, the court was free to clarify the sentence. *See State v. Sayre*, 314 Md. 559, 565, 552 A.2d 553, 556 (1989). The sentence review panel acted within its power to modify the sentence.

### III.

Appellant's final argument relates to the Patuxent Institution evaluation recommendation. Patuxent Institution was established in 1951 as a result of the adoption of the Defective Delinquents Law, codified as Maryland Code (1951) Article 31B. Its purpose was to confine and treat persons found to be Defective Delinquents until it was safe to release them into society. *Id.* at § 5. As a result of severe criticism,[4] the law was repealed by 1977 Maryland Laws ch. 678, effective July 1, 1977, and a new Article 31B was enacted, entitled "Patuxent Institution." *See* Md.Code (1957, 1976 Repl.Vol., 1977 Supp.) Art. 31B.[5]

Referral for evaluation and examination for Patuxent Institution is governed by Article 31B, § 8(a), and under the

---

**4.** In *Watson v. State*, 286 Md. 291, 298, 407 A.2d 324, 328 (1979), Judge Orth, writing for the Court, discussed the reasons for the dissatisfaction with Patuxent, noting that the main complaint was with the possibility under the law for a person to remain confined in the Institution long after the original sentence had expired.

**5.** All future statutory references to Patuxent Institution shall be to Maryland Code 1957, 1996 Repl.Vol. Article 31B, the law in effect at the time of Appellant's sentencing. Effective October 1, 1999, the statutory provisions governing Patuxent Institution shall be contained in Title 4 of the Correctional Services Article of the Annotated Code of Maryland. *See* 1999 Maryland Laws ch. 54, at 446, 574–606 (repealing Article 31B and establishing a new article to revise, restate, and recodify the laws relating to the State and local correctional systems).

statute, referral is within the sole discretion of the Commissioner of Corrections. That section provides as follows:

> (a) *Persons who may be referred.*—Any person who is serving a sentence of imprisonment following conviction of a crime, has more than three years remaining to serve on a sentence, has not been evaluated by or confined at the Institution within the preceding three years, is not disqualified from being an eligible person under § 1(f)(2) of this article, and meets the eligibility criteria established by the Secretary under § 4A (c) of this article may be referred by the Commissioner to the Institution for evaluation as to whether the person is an eligible person upon recommendation of the sentencing court, upon application to the Commissioner by the State's Attorney of the county in which the person was last convicted, upon application by the inmate, or upon recommendation of the Commissioner.

Appellant's argument is that the review panel has authority only to review sentences. A recommendation for evaluation is not a sentence. Therefore, he concludes, the review panel has no authority to review or eliminate the sentencing judges's recommendation for evaluation at Patuxent. As such, the recommendation was not properly before the panel for review.

The State argues that at the sentence review hearing, Appellant agreed that the sentence review panel had the authority to review the sentencing judge's recommendation to Patuxent. He explicitly asked the panel to reconsider "the business of the referral to Patuxent," implicitly recognizing that the Patuxent recommendation constituted an aspect of the sentence subject to panel review. We agree with the State. Appellant can hardly complain that the review panel improperly considered the recommendation to Patuxent Institution when he requested that it do so. We nonetheless will consider his arguments on the merits.

 In order to ascertain legislative intent, we begin by looking at the statutory language itself, "as the words of the statute, given their ordinary and popularly understood meaning, are the primary source of legislative intent." *Gargliano*

*v. State,* 334 Md. 428, 435, 639 A.2d 675, 678 (1994). "If the language of the statute is plain and clear and expresses a meaning consistent with the statute's apparent purpose, no further analysis is ordinarily required." *Id.* If a statute contains an ambiguity, we must look to "not only the literal or usual meaning of the words, but their meaning and effect in light of the setting, the objectives and purpose of the enactment" in order to find a construction that best realizes the legislative intent. *Tucker v. Fireman's Fund Ins. Co.,* 308 Md. 69, 75, 517 A.2d 730, 732 (1986). "[W]hen a statute is plainly susceptible of more than one meaning and thus contains an ambiguity the court may consider the consequences resulting from one meaning rather than another and adopt that construction which avoids an illogical or unreasonable result, or one which is inconsistent with common sense." *Wynn v. State,* 313 Md. 533, 539, 546 A.2d 465, 468 (1988) (quoting *Kaczorowski v. City of Baltimore,* 309 Md. 505, 513, 525 A.2d 628, 632 (1987)).

■ Article 27, § 645JC, provides in pertinent part as follows:

> The panel shall have the right to require the Department of Parole and Probation to investigate, report, and make recommendations with regard to any such application for review. The panel shall consider each application for review and shall have the power, with or without holding a hearing, to order a different sentence to be imposed or served, including, by way of illustration and not by way of limitation, an increased or decreased sentence, or a suspended sentence to be served in whole or in part, or a sentence to be suspended with or without probation, upon such terms and conditions as the panel may deem just and which could lawfully have been imposed by the sentencing court at the time of the imposition of the sentence under review, or the panel may decide that the sentence under review should stand unchanged. . . .

■ The plain language of the statute makes clear that the review panel shall have the power to review a *sentence.*

"Sentence" is defined in BLACK'S LAW DICTIONARY (6th ed.1990) as "[t]he judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, imposing the punishment to be inflicted, usually in the form of a fine, incarceration, or probation." Subject to modification upon review by the sentence review panel, sentencing "is within the exclusive domain of the trial judge." *Johnson v. State,* 274 Md. 536, 538, 336 A.2d 113, 114 (1975). *See also* ABA STANDARDS FOR CRIMINAL JUSTICE SENTENCING (3d. ed.), Standard 18–1.4 (providing that the imposition of sentence is a judicial function to be performed by sentencing courts).

■ Judges, in sentencing convicted persons to imprisonment to be served at a State correctional institution, shall sentence such persons to the jurisdiction of the Division of Correction, and as such, cannot sentence persons to any particular institution. *State v. Parker,* 334 Md. 576, 592, 640 A.2d 1104, 1112 (1994); Md.Code (1957, 1996 Repl.Vol.) Art. 27, § 690. While a judge may recommend to the Commissioner that a person be referred to Patuxent Institution for evaluation, the Commissioner makes the actual referral for evaluation, and the evaluation team at the Institution makes the ultimate decision as to whether a person is eligible for treatment. *See* Art. 31B, § 8(c). In the final analysis, admission to Patuxent Institution is not a judicial function.

As we have noted, a sentencing court's [6] activity with respect to Patuxent Institution goes no further than a recommendation to the Commissioner of Correction that a person be evaluated for treatment at the Institution. Nonetheless, we have treated the recommendation as part and parcel of a sentence, and as having had some potential impact on the structure of the sentence. *See Watson v. State,* 286 Md. 291, 300, 407 A.2d 324, 329 (1979). In *Watson,* the question before this Court was whether Petitioner's sentence for second degree rape was cruel and unusual punishment or otherwise

---

**6.** The sentence review panel, upon revision of the sentence, becomes the sentencing court. *See Rendelman v. State,* 73 Md.App. 329, 533 A.2d 1339 (1987).

improper. *Id.* at 293, 407 A.2d at 325. We reversed and remanded the case for a new sentencing because the sentencing judge mistakenly concluded that it had no authority to order evaluation at Patuxent unless the Petitioner consented. In fact, as Article 31B, § 8(a) reflects, the court may make a recommendation to the Commissioner irrespective of whether the defendant consents or not. We stated:

> [W]e cannot be sure to what extent this mistaken belief actually affected the court's ultimate determination to impose the maximum sentence permitted by law. It may be that the reasoning of the court was that if there was no possibility, in light of Watson's stand, that he would receive the treatment offered by the institution, and by reason thereof be released from confinement as no longer an unreasonable risk on society, new Art. 31 B, § 11(b)(2), the public should be protected from him for the longest period possible. Therefore, ..., in order to be sure that Watson's sentence is free of taint, we shall vacate the sentence imposed and remand the case so as to afford the court an opportunity to sentence Watson again, taking into account that it may recommend to the Commissioner of Correction that he be sent to Patuxent Institution for evaluation to determine whether he is eligible for admittance so as to receive the benefits of treatment and services available at the institution.

*Id.* at 301–02, 407 A.2d at 330. As the *Watson* Court concluded, a recommendation for Patuxent may be a component of the sentence imposed. Consequently, when a person requests review of sentence, the panel has the authority to review and revise the entire sentencing scheme.

***JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.***