979 A.2d 190

**Larry JOHNSON**

v.

**STATE of Maryland.**

**No. 2987, Sept. Term, 2007.**

Court of Special Appeals of Maryland.

Aug. 28, 2009.

Brian M. Saccenti (Nancy S. Forster, Public Defender, on brief), Baltimore, for Appellant.

Jeremy M. McCoy (Douglas F. Gansler, Atty. Gen., on brief), Baltimore, for Appellee.

Panel: EYLER, DEBORAH S., MATRICCIANI and MOYLAN; CHARLES E., JR. (Retired, Specially Assigned), JJ.

MATRICCIANI, J.

On August 6, 1992, in the Circuit Court for Wicomico County, appellant, Larry Johnson, pleaded guilty to daytime housebreaking. The court sentenced him to the mandatory minimum, 25 years in prison with no possibility of parole, pursuant to Maryland Code (1957, Repl.Vol.1992) Article 27, § 643B.[1] In 2007, the General Assembly enacted a statute permitting individuals serving a mandatory minimum sentence under Article 27, § 643B, based on a predicate crime of daytime housebreaking, to apply for and receive a sentence review. Mr. Johnson filed for a sentence review. The three-judge panel assigned to review his sentence left the sentence unchanged. Mr. Johnson then filed this timely appeal.

Appellant presents a single issue for our review:

The circuit court denied Mr. Johnson the right to counsel and failed to comply with Maryland Rule 4–215 in the sentence review hearing.

For the reasons which follow, we shall vacate the decision of the sentence review panel and remand for a new hearing.

## BACKGROUND

Mr. Johnson pleaded guilty to daytime housebreaking on August 6, 1992. Pursuant to Article 27, § 643B the circuit court sentenced him to the mandatory minimum sentence of

---

1. Maryland Code, Article 27, § 643B was replaced by Md.Code (2002), § 14–101 of the Criminal Law Article.

25 years without the possibility of parole. In 2007, the General Assembly enacted a statute that permitted individuals serving a mandatory minimum sentence under Article 27, § 643B, based on a predicate crime of daytime housebreaking, to apply for and receive a review of the sentence by a three-judge panel. The three-judge panel was authorized either to strike the no parole provision or to leave the sentence unchanged. Pursuant to the new law, Mr. Johnson filed a *pro se* application for sentence review on December 10, 2007. Three days later, Judge Daniel Long sent a letter to James P. Murray at the Office of the Public Defender, to Sampson G. Vincent at the Office of the State's Attorney, and to Mr. Johnson wherein he stated that the parties had 15 days to present information to be considered by the three-judge panel. Mr. Johnson submitted a letter. He wrote in part:

> I would like to ask this panel to defer any ruling in this matter until I have had ample time to confer with court appointed counsel, so that Mr. James P. Murray, can provide the best representation possible in this matter after having conducted a thorough investigation and assessment, I believe that this case can be presented more effectively by able counsel, and that the courts [sic] decision to appoint counsel should amount to more than a procedure.

No other information was submitted to the three-judge panel. The panel issued its decision on January 16, 2008, declining to modify Mr. Johnson's sentence. Mr. Johnson filed this timely appeal on February 7, 2008.

## DISCUSSION

Mr. Johnson asserts that his right to counsel during the sentence review hearing was violated and, as a result, the panel's decision should be vacated and the matter remanded for further proceedings. The State responds by first arguing that the appeal should be dismissed because the panel decision in this case was not an appealable judgment. If it is properly before the Court, however, the State argues that Mr. John-

son's right to counsel was not violated because he filed a *pro se* application for sentence review.

■ To begin, we will address the State's claim that Mr. Johnson is prohibited from appealing the decision of a sentence review panel. We have held:

> The appellate jurisdiction of the Court of Special Appeals of Maryland is bestowed by legislative enactment. The statutes provide no right of appeal to that Court by a person from an order of a sentence review panel nor is an appeal from such an order designated to be within its appellate jurisdiction. Under Courts Art. § 12–301 "... a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdiction, unless in a particular case the right of appeal is expressly denied by law." A sentence review panel is not a court. "Circuit Court' means the circuit court for a county ..." and the courts of the Supreme Bench of Baltimore City. Courts Art. § 12–101(d). The right of appeal from the order of a sentence review panel is clearly not within the contemplation of Courts Art. § 12–301. Courts Art. § 12–308 specifically designates those actions, cases, causes, suits or proceedings with respect to which the Court of Special Appeals of Maryland has exclusive initial appellate jurisdiction. Proceedings before a sentence review panel is not among them.

*Glass v. State*, 24 Md.App. 76, 79, 329 A.2d 109 (1974) (footnote omitted).

The Court of Appeals later held:

> Appellate review of sentences is extremely limited in Maryland; only three grounds of review are recognized: (1) the sentence may not constitute cruel and unusual punishment or otherwise violate constitutional requirements; (2) the sentencing judge may not be motivated by ill will, prejudice or other impermissible considerations; and (3) the sentence must be within statutory limitations.

*Teasley v. State,* 298 Md. 364, 370, 470 A.2d 337 (1984) (citations omitted).

Based on this limited appellate jurisdiction for sentence review appeals, we went on to clarify our holding in *Glass* and stated that a significant difference exists "between a confirmance or reduction in sentence by a review panel . . . and an increase ordered by it . . ." *Rendelman v. State,* 73 Md.App. 329, 334, 533 A.2d 1339 (1987). When a review panel increases a sentence, the new sentence is the one that "must be within Constitutional and statutory limits; it is that proceeding that must comport with required procedure; it is the *panel* then that must be free of ill will, prejudice or other impermissible considerations." *Id.* at 335, 533 A.2d 1339 (internal citations and quotations omitted). Thus, we held in *Rendelman* that an individual could appeal a sentence review panel decision in which his sentence was increased. *Id.* at 335–36, 533 A.2d 1339. Based on this analysis, it appears that Mr. Johnson would not be entitled to appellate review of the panel's decision, as the panel declined to alter his sentence.

> In *Rendelman,* however, we noted in a footnote that
>
> the action of a review panel is not entirely immune from appellate review when the sentence is not increased. Denial of a fundamental right by the panel, such as the right to counsel . . ., must be subject to appellate review, even if the sentence is not increased, for, absent that denial, the panel might have been persuaded to decrease the sentence.

*Id.* at 335 n. 1, 533 A.2d 1339. In accordance with this reasoning, we conclude that in this case Mr. Johnson is entitled to an appeal based on his claim of denial of his statutory right to counsel.

■ We now turn to the merits of Mr. Johnson's contention that he was denied his statutory right to counsel when filing his application for sentence review. The law under which Mr. Johnson filed the application states, in pertinent part:

> [N]otwithstanding any other law to the contrary, a person who is serving a mandatory minimum sentence of confinement imposed under former Article 27, § 643B of the Code

before October 1, 1994, where burglary or daytime house-breaking was a predicate offense for the imposition of the mandatory minimum sentence, may apply for and receive one review of the mandatory minimum sentence as provided in § 8–102 of the Criminal Procedure Article. The review panel may strike the restriction against parole, but may not reduce the length of the sentence. An application for review under this section shall be filed on or before September 30, 2008.

2007 Md. Laws 4060. Along with Mr. Johnson's right to file an application for sentence review, he had the right to representation during that process. Md.Code (2001, Repl.Vol.2008), § 8–103 of the Criminal Procedure Article ("CP") states:

(a) *In general.*—A person entitled to file an application for a sentence review under this subtitle has the right to be represented by counsel:

(1) to determine whether to seek a sentence review; and

(2) to file an application for a sentence review.

(b) *Obtaining counsel.*—The counsel representing a person for a sentence review may be:

(1) retained by a person who is entitled to file an application for review under this subtitle;

(2) appointed by the sentencing judge; or

(3) provided under Title 16 of this article.

This statute clearly indicates that individuals have a right to counsel at a sentence review hearing, *Rendelman,* 73 Md.App. at 336, 533 A.2d 1339, and we have held [2] that Maryland Rule 4–215 applies to sentence review hearings. *Id.* at 337, 533 A.2d 1339. Md. Rule 4–215, states in pertinent part:

**(b) Express Waiver of Counsel.** If a defendant who is not represented by counsel indicates a desire to waive counsel, the court may not accept the waiver until after an examination of the defendant on the record conducted by the court,

---

**2.** Our holding was based on former Article 27, § 645JE(a), the predecessor statute to CP § 8–103. Section 8–103 is new language derived without substantive change from the former Article.

the State's Attorney, or both, the court determines and announces on the record that the defendant is knowingly and voluntarily waiving the right to counsel.

Thus, absent an express waiver of counsel, Mr. Johnson could not waive his right to counsel during the sentence review process. We find nothing in the record indicating that Mr. Johnson expressly waived his right to counsel and we are not persuaded by the State's claim that appellant waived his right to counsel by filing a *pro se* application for sentence review. In fact, we note that the record clearly indicates that Mr. Johnson asked the court for additional time so that he could consult with counsel. Judge Long appeared to be suggesting representation by the Office of the Public Defender when he forwarded the letter requesting additional information to Mr. Murray and addressed it to Mr. Johnson and Counsel. The record is unclear as to why such representation did not occur. Based on the lack of express waiver and lack of representation, we hold that Mr. Johnson is entitled to reconsideration of his sentence review upon remand, with the assistance of counsel, if he still desires to exercise that right.

**ORDER OF SENTENCE REVIEW PANEL VACATED; CASE REMANDED FOR NEW HEARING. COSTS TO BE PAID BY WICOMICO COUNTY.**